254 P.2d 1024

**GIBBONS v. ARIZONA CORP. COM-
MISSION et al.**

No. 5659.

Supreme Court of Arizona.

March 23, 1953.

Yale McFate, Phoenix, for appellant.

Fred O. Wilson, Atty. Gen., Alexander B. Baker, Asst. Atty. Gen., and Clifford R. McFall, Tucson, of counsel, for appellees.

STANFORD, Chief Justice.

In June, 1948, the Arizona Corporation Commission, hereinafter designated commission, issued W. R. Webster a certificate of convenience and necessity to engage in the "Dump Truck" business within the State of Arizona, which certificate Webster held until October 19, 1950, when the commission, pursuant to a hearing held on Webster's application to assign and transfer such certificate, approved the application and transferred the certificate to the partnership consisting of Henry Schroder and R. B. Garland.

At the hearing on the application for transfer of the above-mentioned certificate before the said commission, Webster testified that the last operation he conducted under the certificate was in the latter part of 1948; that since that time he had resided in California where he was engaged in the trucking business; that he had an address in Arizona since moving to California and had left a 1942 Ford dump truck at that address but that he had no one in Arizona since the latter part of 1948 to care for his business. Webster further testified that he never intended to abandon his certificate, that he maintained a bond with the Highway Department during 1949, and had filed his reports.

Both Schroder and Garland testified before the commission that they intended to maintain their headquarters at Tucson if the application for transfer of the certificate was approved.

G. L. Gibbons, who operates under a certificate of convenience and necessity at Tucson and performs the same character of public service as permitted under the certificate sought to be transferred, hereinafter designated appellant, appeared before the commission at the above-mentioned hearing and objected to the transfer of the certificate on the grounds that Webster had abandoned his rights under the certificate and also because Schroder and Garland intended to establish headquarters in Tucson where appellant conducted a trucking business under a certificate of convenience and necessity issued by the commission.

Subsequent to the order by the commission approving the transfer, the appellant made application for a rehearing with the commission, which was denied. Appellant, thereafter, filed a complaint against the commission in the Superior Court of Maricopa County requesting that court to declare the order of the commission approving the transfer of the certificate to be illegal and void.

The lower court, after hearing evidence offered by both parties to the action, dismissed appellant's complaint and gave judgment to the commission. Appellant appeals from this judgment.

Appellant alleges that the lower court erred in granting judgment for the commission because (1) there was no reasonable evidence to support such a judgment, (2) Webster had abandoned his operations under the certificate thus leaving no rights to be transferred, and (3) the transferees had established headquarters in Tucson thereby competing illegally with other certified carriers in violation of the certificate.

We will first consider the matter of abandonment by Webster of his operating rights under the certificate.

Section 66–512, A.C.A. 1939, pertaining to abandonment by a common motor carrier, which Webster was designated under his certificate, reads as follows:

"No common motor carrier authorized to operate under the provisions of this act shall abandon or discontinue any service established under such provisions without an order of the commission, unless his authority to operate has expired or is revoked or suspended. * * * "

A certificate may be revoked for good cause by the commission only after the grantee has been given 5 days' notice and an opportunity to be heard. Section 66–511, A.C.A. 1939.

No cases decided by this court construing Section 66–512, supra, have been cited by counsel for either party and we are unable to find any such case in our reports.

There is nothing in the wording of the statute under consideration to warrant our finding that a lapse of operation by a grantee of a certificate of convenience and necessity automatically constitutes an abandonment of his operating authority. It appears that a certificate remains in full force and effect until formally revoked or suspended as provided in Section 66–511, supra.

No doubt such a lapse of operation would constitute good cause for revoking a certificate, should facts evidencing the lapse of operation be brought to the attention of the commission by means of a complaint. Obviously the public convenience and necessity are not being served under such circumstances. However, there is nothing in the record to indicate that appellant had filed a complaint with the commission urging the revocation of Webster's certificate, consequently the commission was not required to hold a hearing pursuant to Section 66–511, supra, for the purpose of determining if good cause existed for revoking said certificate.

We therefore hold that the commission did not abuse its discretion in refusing to deny the transfer on the ground that the operating rights thereunder had been abandoned.

Appellant contends that inasmuch as the certificate under consideration specified that the grantee would maintain headquarters in Phoenix, the commission acted unreason-

ably in approving the transfer in view of the fact that both Schroder and Garland had testified before the commission that they intended to establish their headquarters in Tucson if the transfer was approved. Furthermore, appellant alleges that the trial court erred in giving judgment to the commission when there was evidence presented at the trial in the form of depositions taken from Schroder and Garland in which they testified that ever since the commission approved the transfer of the certificate they had maintained headquarters in Tucson. The certificate issued to Schroder and Garland was identical to the one previously held by Webster and provided for headquarters in Phoenix.

It is the contention of the commission that the trial court could not consider the depositions of Schroder and Garland in deciding the case because such evidence was not before the commission when it made its order.

■ This court has ruled previously that an action brought under Section 69-249, A.C.A. 1939, is considered as a trial de novo, and the lower court may do more than merely review the evidence taken before the commission. Corporation Commission of Arizona v. Peoples Freight Line, Inc., 41 Ariz. 158, 16 P.2d 420; Corporation Commission v. Southern Pac. Co., 55 Ariz. 173, 99 P.2d 702. Therefore the lower court, under the authority of 69-249, supra, could properly consider new evidence not considered by the commission.

An applicant, when making application for a certificate of convenience and necessity under Section 66-506, A.C.A. 1939, must state in the application "the public highways over which, and the fixed termini or regular route, if any, between or over which applicant desires to operate; * *." The certificate issued to Webster and also the one issued to Schroder and Garland provided for the grantee's headquarters to be located in Phoenix. The counsel for the commission contend in their brief that the certificate authorizes statewide operation by the carrier, hence, the grantee should be allowed to establish his headquarters anywhere in the state.

■ We find nothing in the certificate or the statutes authorizing its issuance permitting statewide operation by the grantee. Section 66-506, supra, provides that the commission

"* * * may attach to the exercise of the right granted by such certificate such terms and conditions as in its judgment the public convenience and necessity may require; provided, that when an applicant requests a certificate to operate over a route, or routes, or in a territory already served by a common motor carrier, the commission shall have power, after hearing, to issue such certificate only when the existing common motor carrier operating over such route, or routes, or serving such terri-

218

tory, will not provide such service as shall be deemed satisfactory by the commission."

When Webster was issued a certificate the commission found that the public convenience and necessity required the proposed service, and, under the authority granted it by Section 66–506, supra, the commission placed a condition upon the grantee that he establish headquarters in Phoenix. At the hearing on the application to transfer the certificate, there was no evidence presented to indicate that the appellant, a common motor carrier with headquarters at Tucson, was not serving that territory satisfactorily. A certificate providing for headquarters in Tucson would be issued by the commission "only when the existing common motor carrier operating over such route, or routes, or serving such territory, will not provide such service as shall be deemed satisfactory by the commission." Section 66–506, supra.

We hold that the lower court erred in rendering judgment sustaining the commission because the evidence before the commission showed that Schroder and Garland expected to operate with headquarters in Tucson contrary to the provisions of the certificate, and the evidence before the trial court shows that they are so operating. Furthermore, no showing was made to the effect that appellant and others were not serving the Tucson territory adequately.

Judgment is reversed, and the lower court is instructed to enter judgment vacating the order of the commission.

PHELPS, LA PRADE, UDALL and WINDES, JJ., concur.