295 P.2d 216

Paul MUSSLEWHITE, Plaintiff-Appellee,

v.

The STATE CORPORATION COMMISSION of the State of New Mexico, James F. Lamb, Ingram B. Pickett, and John Block, Jr., as Members of and Constituting the State Corporation Commission of the State of New Mexico, Defendants-Appellants.

No. 5995.

Supreme Court of New Mexico.

Feb. 15, 1956.

Rehearing Denied April 12, 1956.

------◆------

Richard H. Robinson, Atty. Gen., J. A. Smith, Asst. Atty. Gen., for appellants.

David Chavez, Jr., Santa Fe, Alvin R. Allison, Levelland, Tex., for appellee.

SCARBOROUGH, District Judge.

On July 9, 1951, the appellee Musslewhite became the holder of a Certificate of Public Convenience and Necessity issued by the State Corporation Commission authorizing transportation of certain specified equipment and supplies in intra-state commerce "over irregular routes, under nonscheduled service." On May 5, 1953, the appellant State Corporation Commission issued an "Order and Citation to Appear" which directed Musslewhite to show cause why his certificate should not be cancelled:

"for failure to render service to the public as provided under Certificate of Public Convenience and Necessity No. 950."

Pursuant to the notice, the appellee appeared before the Commission at the appointed time. Without any evidence having been presented or offered by or on behalf of the Commission, the appellee offered himself as a witness, was sworn and testified upon direct and cross examination. The substance of his testimony was that he had adequate equipment for large scale operations; that he maintained sufficient repair shops and facilities; that he was operating extensively in the State of Texas; that he maintained his headquarters at Levelland, Texas, which is shown as his office and place of business in the Certificate issued to him; that he is ready, willing and able, at any time, to operate under his Certificate in New Mexico and will at any time accept employment in New Mexico operations from anyone desiring and requesting such service from him. His testimony further shows that at present he has only one truck registered in New Mexico; that he has performed no transportation service in New Mexico since the issuance of the Certificate to him because no customer has requested such service from him; that he does not maintain any shop or terminal in New Mexico and has done no advertising in New Mexico; that he has never been ordered or instructed by the Commission to maintain a shop or terminal in this State or to advertise or solicit business therein and that there has never been any complaint filed against him. Without further evidence, except possibly the consideration of certain tax records, which do not appear in the transcript of the hearing, the Corporation Commission or-

dered that Musslewhite's certificate be revoked. Suit in the District Court followed. The District Court held that the order of the Corporation Commission was unlawful and unreasonable and that it should not be enforced.

These questions arise:

Does non-user by the holder of certificate of public convenience and necessity, "over irregular routes", under "non-scheduled service", amount to abandonment or discontinuance of said service.

Was the Corporation Commission's Order revoking appellee's Certificate because of non-user lawful and reasonable?

Section 64–27–12, New Mexico Statutes 1953, Annotated, provides:

"No common motor carrier authorized by this act to operate shall abandon or discontinue any service established under the provisions of this act without an order of the commission."

Section 64–27–36, New Mexico Statutes 1953, Annotated, provides in part:

" * * * no motor carrier shall abandon all or any portion of its service to the public, except for causes beyond its control, unless it has filed a notice with the corporation commission at least 30 days prior to the discontinuance of such service that it intends to discontinue the same * *. Upon the discontinuance of service * * * the certificate of public convenience and necessity issued to such carrier shall be canceled * * *."

To abandon means to give up with the intent of never again claiming one's right or interest. To discontinue means to interrupt the continuance of; stop; to give up; to abandon or terminate by a discontinuance. The two words "abandon" and "discontinue" appear to be used synonymously in § 64–27–36, supra, and apparently are meant to refer to an intentional, complete and final surrender of right or interest. No other statute and no rule or regulation of the Corporation Commission referring to a temporary interruption of service, whether intentional or not, has been called to our attention. The two statutes referred to, instead of prescribing grounds for which a revocation may be ordered, seem, upon close examination, absolutely to enjoin and prohibit an abandonment except with the Commission's formal permission, § 64–27–12, or in accordance with procedure prescribed by the Statutes, § 64–27–36. The appellee has neither sought permission to abandon under the statute first referred to, nor proceeded to give notice of an abandonment or discontinuance as required by the statute last referred to.

He obviously has no present intention of giving up his Certificate or his rights or interest thereunder. His testimony clearly and positively established this fact. Indeed, his employing two attorneys to represent him before the Commission, before the

District Court and in this Court speaks eloquently of his intention and determination to retain his certificate, if he is able to do so. He is willing even, according to his testimony, to establish termini and shops in New Mexico and to advertise and solicit business in this State if the Corporation Commission orders him to do so pursuant to its right to make such an order after investigation and hearing as provided for by § 64–27–38 and § 64–27–46, New Mexico Statutes 1953, Annotated.

To support its position on the point above discussed, the appellant Corporation Commission cites and relies on Schmunk v. West Nebraska Exp., Inc., 159 Neb. 134, 65 N.W.2d 386. The facts in that case clearly distinguish it from the case under consideration by this Court. The certificate holder Schmunk had sold his one remaining trailer prior to cancellation of his certificate and was thereafter without a unit to operate; went into the used car business; permitted his public liability and property damage insurance to expire; and applied for and obtained an order suspending his certificate. Thereafter he undertook to assign his certificate and to obtain an approval of assignment by the Railway Commission, the Nebraska agency vested with jurisdiction. Further, a general order of the Railway Commission provided that the holder of an irregular route certificate "must continuously hold out his certificated service so as to be able to answer calls and demands for his service in a reasonably

adequate manner". We have no such order promulgated by our Corporation Commission, or, if we do, no showing to that effect has been made. Even if we had such an order upon which to predicate and justify the Corporation Commission's order issued in this case, the facts established here would not support a finding that Musslewhite did not "hold out his certificated service so as to be able to answer calls and demands for his service in a reasonably adequate manner." The exact opposite appears conclusively from all of the evidence. Thus we do not feel persuaded by the Nebraska case.

We hold that mere non-user by the holder of a certificate authorizing non-scheduled service over irregular routes does not constitute either abandonment or discontinuance of service by a certificate holder shown to be at all times fully equipped, ready, able and willing to operate. Non-user, plus inability to operate, or refusal to accept business, or non-compliance with proper order made by the Corporation Commission might in any given case amount to abandonment or discontinuance of service. It is to be borne in mind that no order of the Commission had ever been issued requiring the appellee to do more than he was doing and that he stands ready to comply with any order that the Commission may make concerning the establishment of termini or shops, the solicitation of business, etc. In this connection see: Dan Buhr, etc., Interstate Commerce Commis-

sion Reports, 62 M.C.C. 774; Florence Lane—Revocation of Permit, Interstate Commerce Commission Reports, 52 M.C.C. 427. See also Gibbons v. Arizona Corporation Commission, 75 Ariz. 214, 254 P.2d 1024, in which case the Court declared that non-use, though shown by the certificate holder's having moved permanently from Arizona to California, leaving no business representative or agent in Arizona, did not *automatically* constitute an abandonment.

■ Further, we are of opinion that failure to begin immediate operation of services over an irregular route and non-scheduled services, does not, ipso facto, amount to abandonment under § 64–27–12, 1953 Comp., which would authorize the commission to revoke outright the certificate in view of the provisions of § 64–27–65, 1953 Comp., that: "Whenever * * *, the corporation commission shall be of the opinion that *any* provision or requirement of this act, * * * is being, *has been* or is about to be violated, it may make and enter of record an order in the premises, *specifying the actual* or proposed acts or *omissions* to acts which constitute such real or proposed violation and *requiring* that such violation be *discontinued or rectified,* or both, or that it be prevented."

Possibly the court had this section of the act in mind in holding that the acts of the commission were unreasonable and unlawful.

In expressing the views stated above, we do not desire to be understood as holding that a certificate obtained by fraud, or misrepresentation, or one issued in error by the commission, may not be revoked or amended under § 64–27–13, 1953 Compilation.

The judgment should be affirmed. It is so ordered.

COMPTON, C. J., and LUJAN, J., concur.

SADLER and McGHEE, JJ., dissenting.

SADLER and McGHEE, Justices (dissenting).

We think the majority opinion is wrong. The very language of the two statutes first quoted in it affirms what the issuance of a certificate of public convenience and necessity so manifestly proclaims as a state policy, namely, that the holder must proceed within a reasonable time to establish and maintain the service, the showing of a need for which was an indispensable condition to his procural of the certificate. Note this language from 1953 Comp. § 64–27–12, to-wit:

"No common motor carrier authorized by this act to operate shall *abandon or discontinue any service* established under the provisions of this act without an order of the commission." (Emphasis ours.)

1953 Comp. § 64–27–36 provides:

"* * * no motor carrier *shall abandon all or any portion of its service* to the public, except for causes beyond its control, unless it has filed a notice with the corporation commission at least.30 days prior to the *discontinuance of such service* that it intends to *discontinue the same* * * *." (Emphasis ours.)

How, may we inquire, can the holder of a certificate "abandon or discontinue" a service that he has never established? Of course, he can not do so. Yet, the italicized portions of the statutes quoted manifest unmistakably a legislative purpose that immediately, certainly, within a reasonable time, he shall establish service under the certificate issued him.

· We have here a case where a non-resident certificate holder for nearly two years after issuance of his certificate made not a single move, nor performed a single act, ·to indicate that he ever intended to establish service under the certificate issued him. He maintained no depot or representative within the state, no office or local telephone number, solicited no business within the state, possessed neither trucks nor equipment, either licensed or maintained here, capable of hauling the type of freight he was licensed to transport. In fact, admittedly so, he did absolutely nothing under the certificate to indicate a purpose of ever establishing service under it and this con-

dition continued for a period of approximately two years.

Finally, despairing of any action on his part under the certificate, and in order to clear its docket of "dead timber" appearing on its records, the Commission availed itself of the remedy for doing so prescribed by 1953 Comp. § 64–27–13, reading as follows:

"The commission may at any time, · for good cause suspend, and upon not less than five (5) days' notice to the grantee of any certificate or permit and an opportunity to be heard, *revoke* or amend any certificate or permit." (Emphasis ours.)

Provoked into action from the Rip Van Winkle slumber he had been enjoying for the preceding biennium, the certificate holder suddenly springs into life and comes before the Commission with a multitude of promises to establish service and as recited in the majority opinion:

"He is willing even, according to his testimony, to establish termini and shops in New Mexico and to advertise and solicit business in this State if the Corporation Commission orders him to do so pursuant to its right to make such an order after investigation and hearing as provided for by § 64–27–38 and § 64–27–46, New Mexico Statutes 1953, Annotated."

In other words, if the Commission will hold a hearing pursuant to § 64–27–38 and succeeding sections and enter an order pursuant to § 64–27–46, he will do certain acts looking to establishment of service,—things the performance of which are already called for by his certificate and which for two long years he has been delinquent in doing and which, even after service on him of the order to show cause, he has made no move to do.

The majority seem to put some reliance in affirming the trial court on 1953 Comp. § 64–27–65 which they quote on last page of their opinion. Presumably, they think the Commission's failure to give the appellee a fixed time within which to establish service under his certificate, or suffer an automatic cancellation thereof, rendered the order unlawful or unreasonable and, therefore, void. See In re Florence Lane Case, 52 M.C.C. 427, and In re Dan Buhr and Laura Buhr, doing business as Buhr Truck Lines, 62 M.C.C. 774. The section mentioned was a part of the original act, L.1929, c. 129, § 20. The 1933 amendment, L.1933, c. 154, § 13, which is quoted, supra, as 1953 Comp. § 64–27–13, gives the Commission authority on five days' notice in an order to show cause, following a hearing, to *revoke* or amend *any certificate.* (Emphasis ours.) It expressly repealed "such parts of chapter 129, Laws of New Mexico of 1929 * * * and all other laws * * * as are in conflict herewith." § 64–27–1 note.

Accordingly, if under § 64–27–65, as originally enacted, the Commission was not authorized to revoke without giving a certificate holder an opportunity to cure his default, if the default were of sufficient gravity to warrant such action, it certainly was given that authority by virtue of the 1933 amendment, 1953 Comp. § 64–27–13. This section was further amended by L.1937, c. 224, § 5, in a minor respect by substituting the word "permit" for the word "license," wherever it occurred in the 1933 act.

The case before us is as simple as this:

(a) Respondent asked for a certificate whose issuance and acceptance constituted a promise to render service under it.

(b) Respondent never initiated service under the certificate over a two year period and resides outside the state, maintaining no agent or depot within the State.

(c) Under express authority of § 64–27–13 quoted above his certificate is subject to cancellation.

What the majority opinion says about no evidence having been introduced or offered is misleading. The Commission's own records disclosed the appellee here (respondent before the Commission) had never established service under his certificate. For two years, he had not transported a pound of freight, nor had he ever solicited the carriage of any. Neither did he maintain any place or person within the

104

state to whom or where anyone desiring his services might contact him. All this is admitted, so why talk about the Commission offering no evidence? If appellee's own testimony and what the Commission's records disclosed do not constitute evidence, we should not know in what category to place them.

Instead of finding a sympathetic reception here in its efforts to clear its docket of dead and dormant certificates, the Commission is met with a technical and unrealistic construction of the governing statutes which, undoubtedly, will render it impossible for it to keep this phase of its business current and abreast of the times. Should it again go to the legislature for authority to handle a situation such as this, the legislature might very well say to the Commission that by the 1933 amendment, 1953 Comp. § 64–27–13, it had already given the authority requested in language so plain that he who runs may read and, now, could do no more than to reaffirm that language. We think this Court by the decision announced has practically tied the hands of the Commission in this salutary effort to compel the removal of dead and dormant certificates from its records.

Because the majority decline to hold two years' failure to establish service under a certificate of public convenience and necessity, whether over a fixed route or otherwise, does not warrant revocation under 1953 Comp. § 64–27–13.

We dissent.