430 P.2d 145

**G. L. GIBBONS and Associated Construction Truckers, and the individual members thereof, Appellants,**

**v.**

**CONSTRUCTION TRUCKING SERVICE, a corporation, Appellee.**

**No. 8229.**

Supreme Court of Arizona, In Banc.

July 17, 1967.

384

Yankee & Bernstein, by A. Michael Bernstein, and Evans, Kitchel & Jenckes, Phoenix, for appellants.

Minne' & Sorenson, by Richard Minne', and Shimmel, Hill, Kleindienst & Bishop, Phoenix, for appellee.

UDALL, Justice.

On March 19, 1962, G. L. Gibbons, a certified carrier, filed a complaint before the Arizona Corporation Commission against Pete's Dump Truck Service, an Arizona corporation, praying that the Commission enter an order cancelling a common motor carrier certificate issued to Pete's Dump Truck Service. An order to show cause was issued on April 17, 1962 directing Construction Trucking Service, formerly known as Pete's Dump Truck Service, to appear before the Commission and show cause why it should not "cease and desist practices contrary to rules of the Arizona Corporation Commission" and why its "certificate of convenience and necessity should not be cancelled. for failure to comply with the rules and regulations of this Commission as recited in said complaint."

The Commission heard this matter on July 12, 1962, then taking it under advisement. On December 19, 1962, the Commission entered its decision No. 34236 which determined that,

"the allegations of the complainants' complaint, are true and that the respondent and the predecessor holders of said certificate of convenience and necessity had failed to hold themselves out to the public of the State of Arizona to provide the service required by the said Certificate of Convenience and Necessity and had thus abandoned the rights encompassed in said certificate; and that respondent had violated the rules and regulations of this Commission and the Laws of the State of Arizona."

Therein the Commission ordered that the certificate issued to Construction Trucking Service be cancelled and revoked.

An application for rehearing was timely filed; the Commission in response thereto entering Decision No. 34295 on January 7, 1963, denying the application for rehearing. On April 12, 1963, the Commission entered Decision No. 34467 rescinding, vacating and setting aside the January 7 order to allow the Commission reconsideration of such order. The Commission then entered Decision No. 34468 denying the application for rehearing previously filed.

Construction Trucking Service then filed an action in the Superior Court, Maricopa County to set aside Decisions No. 34236 and No. 34468. After a court trial of the cause, judgment was entered. The judgment reads in pertinent part:

"* * * IT IS ORDERED, ADJUDGED and DECREED:

"1. That the defendant Arizona Corporation Commission acted unreasonably and unlawfully in making its Decision No. 34236 revoking a Certificate of Convenience and Necessity No. 5633.

"2. That said Decision No. 34236 of the Corporation Commission is vacated, set aside and held for naught."

G. L. Gibbons and Associated Construction Truckers, hereinafter referred to as the appellants, having intervened in the court proceeding to support the Commission's decision, filed an appeal to this Court.[1]

The Commission's order entered on January 7th denying Construction Trucking's motion for rehearing gave no notice of its intended action and did not send a copy of such order to Construction Trucking. For this reason the Commission was by fairness compelled to rescind, vacate and set aside the January 7th order. On the same day that the previous order was vacated, the Commission entered a new order denying Construction Trucking's original petition for rehearing. Hence from the date of the entering of this new order—April 12, 1963, the statutorily-prescribed (A.R.S. § 40–254) thirty-day period for commencing an action in Superior Court would have begun running. Thus Construction Trucking's filing of the instant action on May 10, 1963 was timely and so gave the Superior Court jurisdiction over this matter.

The appellants contend that though the January 7th order be found properly vacated and set aside it is still necessary to determine the actual date that the petition for rehearing was filed. This issue arises from the fact that the petition for rehearing bore two filing dates—December 28, 1962 and January 4, 1963. Pursuant to our opinion in Jenney v. Arizona Express, Inc., 89 Ariz. 343, 362 P.2d 664, the petition if filed on the first date would have suspended the Commission's order and the petition would have remained pending until acted upon by the Commission—whereas, if the petition had been filed on the latter date it would be denied by operation of law, without notice to Construction Trucking, if it was not acted upon during the twenty days following its filing. (A.R.S. § 40–253). Hence the latter filing date would have in conjunction with A.R.S. § 40–254 necessitated the commencement of a court action to contest the original Commission order on or

---

1. After the judgment the Commission met in executive session and entered its Decision and Order No. 34796 consistent with the judgment of the Superior Court. Such decision and order purported to reinstate the certificate of convenience and necessity held by Construction Trucking Service prior to the Commission's previous orders. A petition for a writ of certiorari was filed in this Court to review the Commission's actions. In Gibbons et al. v. Arizona Corporation Commission, et al. and Construction Trucking Service, Inc., 95 Ariz. 343, 390 P.2d 582, this Court found that Decision No. 34796 and its reinstatement order were void since the Commission had failed to give notice or provide an opportunity to be heard to motor carriers at a hearing for the reinstatement of a certificate of convenience and necessity to another carrier.

before February 25, 1963.[2] If on the other hand the petition for rehearing was filed on December 28, 1962 it would have suspended the involved order and the petition would have remained pending until acted upon.

We find that the only logical conclusion to be drawn from the existence of two filing dates on the face of the petition for rehearing, in light of the testimony of the Director of the Motor Carrier Division of the Corporation Commission, is that the petition was filed on the earlier of the two dates. Having been filed on December 28, 1962 the petition was left pending until acted upon.

While the petition for rehearing was acted on and a decision rendered on January 7, 1963, Construction Trucking received no notice thereof. So while the normal period for filing the Superior Court action would have required the commencement of an action on or before February 6, 1963, Construction Trucking did not file an action by that date for the reason that it had no notice of the rendition of the January 7th order. Construction Trucking filed an action contesting Decision No. 34236 in Superior Court on February 18, 1963. However, this complaint lacked any reference to Decision No. 34295, the January 7th order which was rendered without Construction Trucking's knowledge.

On these facts we feel compelled to find that Construction Trucking in good faith attempted to preserve is objections to the Commission's Decision No. 34236. We also conclude that this good faith was the motivation for the Commission's rendering Decisions No. 34467 and No. 34468 which in effect republished the Commission's earlier order to provide Construction Trucking an opportunity to contest the Commission's order in Superior Court.

The Commission was justified in rescinding its earlier order in light of its failure concerning that order to provide notice of its proceedings and a copy of its order in accordance with the general practice and rules and regulations of the Commission.

Appellants' second contention is that the record of the trial court does not contain clear and satisfactory evidence that the Commission acted unreasonably and unlawfully in revoking Construction Trucking's certificate. We do not agree. The trial court found that the evidence unequivocally demonstrated that Construction Trucking neither abandoned nor intended to abandon its operative rights. The evidence shows instead that in order to assure the continued operation of its corporate business, Construction Trucking had undertaken and accomplished everything that could reasonably be required of it. During the period of alleged abandonment Construction Trucking had ordered additional trucking equipment and upon receipt thereof placed this equipment into operation. It had two persons soliciting business for it which effort resulted in the securing of a substantial increase in its business for the ensuing months. Finally Construction Trucking hired an accountant for the purpose of maintaining its books in Arizona and executed a written lease for certain real property to be utilized as its headquarters and equipment yard. These actions resulted in substantial financial investments which would have been totally inconsistent with its alleged abandonment.

In essence the facts show that Construction Trucking was not rendering services during a two month period while it negotiated for and was given authority to succeed Pete's Dump Truck Service. The Commission approved the transfer of all of the issued and outstanding stock of

2. The petition for rehearing if filed on January 4, 1963 and not acted upon within twenty days thereafter would have been deemed denied on January 24, 1963 and an action in Superior Court under A.R.S. § 40–254 would have to be commenced by February 25, 1963 (the thirtieth day having fallen on Saturday the 23rd would extend the time for filing to Monday February 25th.)

Pete's Dump Truck Service, Inc. by the then stockholders to the present stockholder. After this transaction was completed the evidence shows that Construction Trucking took appropriate action to continue and expand the operations of the company.

It is our opinion that the only reasonable conclusion to be drawn from the facts involved is that Construction Trucking did not abandon and did not intend to abandon its authorized operation under the certificate of convenience and necessity No. 5633. In view of this conclusion we also find that the trial court was correct in denying the appellants' motion for a directed verdict against Construction Trucking.

Appellants' final contention is that the trial court erred when it limited its consideration to the issue of abandonment and refused to determine whether other violations of law and the Commission's regulations by Construction Trucking were sufficient to support the cancellation of the certificate of convenience and necessity. The Commission's Decision No. 34236, which revoked Construction Trucking's certificate of convenience and necessity, stated in part:

"* * * that the Respondent and the predecessor holders of said Certificate of Convenience and Necessity had failed to hold themselves out to the public of the State of Arizona to provide the service required by the said Certificate of Convenience and Necessity and had thus abandoned the rights encompassed in said Certificate; and that the Respondent had violated the Rules and Regulations of this Commission and the laws of the State of Arizona."

We construe this statement by the Commission, in reference to rule violations, to have referred to its finding of alleged abandonment. We are compelled to so conclude because within the involved pleadings it was only the issue of abandonment which the Commission was properly entitled to consider. The consideration of any other generally alleged violations would be contrary to the Commission's Rules and Regulations and would have denied Construction Trucking the necessary procedural requirement of notice prior to requiring it to defend itself. Therefore we find that the trial court properly limited its consideration to evidence on the issue of abandonment.

We of course recognize that a certificate may for good cause be revoked by the Commission. Gibbons v. Arizona Corp. Commission, 75 Ariz. 214, 254 P.2d 1024. We feel, however, that the evidence of good cause offered here to show an abandonment was insufficient to justify the Commission's Decision No. 34236 which revoked Construction Trucking's certificate. See Musslewhite v. State Corp. Commission, 61 N.M. 97, 295 P.2d 216.

For the above stated reasons it is our opinion that the Commission's action in revoking the Construction Trucking certificate was unreasonable and unlawful; that Construction Trucking neither failed to perform nor performed an act which justifies the revocation of its certificate; and therefore that the judgment of the trial court must be affirmed.

Affirmed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.