329 P.2d 1108

**OLD PUEBLO TRANSIT COMPANY, a corporation, Appellant,**

v.

**ARIZONA CORPORATION COMMISSION, Wilson T. Wright, Mit Simms and William Brooks, as members of said Commission, Appellees.**

No. 6365.

Supreme Court of Arizona.

Sept. 30, 1958.

Boyle, Bilby, Thompson & Shoenhair, Tucson, by Harold C. Warnock, Tucson, for appellants.

Robert Morrison, Atty. Gen. of Arizona; Darnell, Holesapple, McFall & Spaid, Tucson, for appellees.

UDALL, Chief Justice.

This is an appeal by Old Pueblo Transit Company from an amended judgment of the superior court modifying an order of the Arizona Corporation Commission which had granted certain motor carrier rights to the Tucson Rapid Transit Company.

For the sake of brevity, the latter corporation will be referred to as T. R. T. and the appellant as O. P. T., and the regulatory body as the Commission. While the Corporation Commission is named as defendant in the superior court and as appellee here, the real battle, as usual, is between these two common carriers. An examination of our reported decisions will disclose that we are not strangers to their legal squabbles which will no doubt continue to arise until such time as the Commission prescribes fixed areas of operation and recognizes that the basic law of the state governing these matters is the doctrine of a "regulated monopoly" rather than "free wheeling competition". Our repeated pronouncements on this subject apparently have gone unheeded insofar as the operations of these carriers are concerned.

Now to the problem at hand, chronologically the proceedings leading up to this appeal were as follows: after a formal hearing held on January 4, 1952, the Commission, over the objection of O. P. T., granted to T. R. T. permission to serve as a common carrier of passengers along four routes running north and south from Indian School Road, which is also known as Ajo Way (through what O. P. T. claims as its territory), to the Hughes Manufacturing Plant located approximately eight miles south of downtown Tucson, and amended T. R. T.'s certificate of convenience and necessity to include these routes. O. P. T. timely filed an action in the Superior Court of Maricopa County asking that such order be set aside and vacated. A trial de novo was held on February 17, 1953, at which time all of the evidence taken before the Commission, both oral and documentary, was admitted in evidence and in addition Ray Laos, president and general manager of O. P. T., testified.

The court on July 13, 1955, entered its first judgment in the matter by which it eliminated entirely two of the routes (i e., the projected South Sixth and Country Club) which had been granted to T. R. T., and modified the route granted T. R. T. along Campbell Avenue, but approved of the route granted by the Commission to T. R. T. from Indian School Road south along Alvernon Way (which crosses the Tuscon-Benson highway on which O. P. T.

is certificated) and thence west by devious routes to the back door of the Hughes Plant. O. P. T., which is certificated to serve the Hughes Plant from the Sixth Avenue route, promptly moved the court to alter or amend the original judgment, or for a new trial, upon various grounds, principally that the southern end of the route was not over public highways. Furthermore it is alleged that no road whatsoever running east and west existed adjacent to and just north of the Hughes Plant. This motion was supported by an affidavit and an aerial photograph. Additional testimony was taken on August 9 and 17, 1956, upon the issue raised by the motion. The court finally rendered a second amended judgment on September 14, 1956, and the instant appeal is from certain portions of that judgment. Specifically O. P. T. appeals from the order that modifies the certificate of convenience and necessity theretofore issued by the Commission to T. R. T., so as to permit service along the following described routes, viz.:

(1) South on Alvernon Way from the southern terminus of Tucson Rapid Transit Company's present route on Alvernon Way to the intersection of Alvernon Way and the road known as the Pig Farm Road; then in a northwesterly direction to the alignment of Country Club Road; then south along Country Club Road to the alignment of the road which runs

east and west adjacent to and just north of the Hughes Manufacturing Plant; then west to the Hughes Manufacturing Plant, and return over the same route, such extended route being an extension of said company's regular bus service along Alvernon Way.

(2) South on Campbell Avenue from the southern terminus of Tucson Rapid Transit Company's present route on Campbell Avenue to the intersection of Campbell Avenue and Government Road, sometimes known as Ajo Road and sometimes also known as Indian School Road; then east along Government Road to the intersection of Government Road and Alvernon Way, and return over the same route, such extended route being an extension of said company's regular bus service along Campbell Avenue.

■ It should be noted that more than six years elapsed from the time the Commission decided this matter in January 1952, before the instant appeal was submitted to us for decision. The learned trial judge very properly confined the issues to conditions as they existed at that time and excluded all testimony as to subsequent happenings in that area. This appeal must be determined on the same basis.

■ We shall first dispose of the sole assignment of error which has to do with the second portion of the above judgment pertaining to the extension of the Campbell Avenue route. It is asserted "that there was no showing of any public convenience or necessity for service to the public along said route." We have carefully examined the record as to this issue and find there is sufficient evidence to sustain the trial court in upholding the Commission's determination. True there is some evidence to the contrary, but at most it only creates a conflict. It is our duty as an appellate court to consider the evidence in a light most favorable to sustaining of the judgment if there is any evidence in the record to uphold it. Tucson Rapid Transit Co. v. Old Pueblo Transit Co., 79 Ariz. 327, 289 P.2d 406. It should also be noted that at no point does this particular route come within a half mile of O. P. T.'s already existing certificated routes. Therefore we hold there is no merit to this assignment of error, hence this portion of the judgment must be affirmed.

Considering next the Alvernon Way-Hughes Plant route, which is the chief issue in the appeal, there are four assignments of error attacking this portion of the judgment. It is our view that a ruling upon assignment of error No. 3 will effectually dispose of this segment of the appeal, thus making it unnecessary to either state or consider the other assignments of error. In effect this latter assignment challenges, as a matter of law, the right of the

Commission or the court to grant such a certificate of convenience and necessity for the reason that the route set forth is not over a "public highway" within the meaning of section 66–501, A.C.A.1939 (now A.R.S. § 40–601, subsection A, paragraph 9). We shall hereafter use the present 1956 code sections, because insofar as this case is concerned there has been no change in the wording of the statutes involved.

■ A reading of A.R.S., Title 40, Chapter 3, Motor Carriers, Article 1, Operation, makes it crystal clear that the legislature intended only to regulate the operation of motor carriers on *"public highways"*. This term is used more than a dozen times in this Article, e. g., section 40–601, subsection A, paragraph 2, which in setting forth definitions, states: " 'Common motor carrier of passengers' means any person engaged in the transportation *on any public highway * * *"*; and paragraph 9 of the same section defines "public highway" as meaning "any *public* street, alley, road, highway or thoroughfare of any kind used by the public, *or open to the use of the public as a matter of right* for the purpose of vehicular travel." Section 40–607, in prescribing what an application for a certificate of convenience and necessity shall contain, provides in subsection A, paragraph 3: *"The public highways over which,* and the fixed termini or regular route, if any, between or over which applicant desires to operate";

and section 40–608, subsection A, paragraph 3, and subsection C, makes a similar requirement as to what the application must contain, and the duty of the Commission in granting a certificate. (All emphasis supplied.)

A reading of our reported decisions relative to the operation of motor carriers invariably refers to their use only on "public highways". Furthermore it is enlightening to refer to the decisions of this court as to what are public highways. In the leading case of Territory v. Richardson, 8 Ariz. 336, 76 P. 456, this court held, in essence, that public highways are such only as come within the express provisions of the statute declaring them to be such, while private ways are such as are laid out by authority of law, and roads established without authority for the convenience of individuals are without a legal status either as public highways or private ways. This holding has been consistently adhered to. See Tucson Consol. Copper Co. v. Reese, 12 Ariz. 226, 100 P. 777; Champie v. Castle Hot Springs Co., 27 Ariz. 463, 233 P. 1107. It was further held in Mead v. Hummel, 58 Ariz. 462, 121 P.2d 423, that in Arizona, public highways can only be established in a manner provided by statute and cannot be established by prescriptive use.

■ In the instant case it indubitably appears from the record that the Alvernon Way route (at least south of Los Reales Road) and from there west to the Hughes

Plant was not, in January 1952, a dedicated or established public highway within the meaning of either the Motor Carrier Act, supra, or A.R.S. Title 18, Highways and Bridges, which should be considered in pari materia.

We are at a loss to understand how the Commission, which is charged by law with the safety and welfare of the traveling public, could have certificated a carrier over such a devious route, i. e., one that for a considerable distance followed a natural gas line over private easements, posted by signs stating "Danger—High Pressure Gas Line", "Warning—Danger—No Trespassing—El Paso Natural Gas Company", and also "Private Road—This Road Not Open To Public Thoroughfare"; on the east-west route unused tracks across the desert and abandoned hauling roads, coupled with a crossing of the extended runways of the Tucson Municipal Airport. A frank appraisal of the entire record would indicate that O. P. T. was correct in charging that the Commission was permitting T. R. T. "to stake out territory" that might well prove profitable for them to serve in future years.

We hold that operating rights may be granted to a common carrier *only* over the public highways of the state. The judgment of the lower court as to the Campbell Avenue route is affirmed. The judgment is reversed as to Alvernon Way-Hughes Plant route, as the southern and western portion thereof was without legal status as a public highway. Certainly substantial portions of the route were not open "to the use of the public as a matter of right"; hence the Commission had no legal right to issue such a certificate nor could the court direct that this be done.

Judgment reversed in part, affirmed in part.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concurring.