HAMITER, Justice.
Roy Vincent, Jr., in August, 1957, applied to the Louisiana Public Service Commission for a certificate of public convenience and necessity authorizing him to operate a common carrier motor freight service for transporting household goods,, furniture and fixtures over irregular routes-from and to all points in the State of Louisiana, with the restriction that shipments handled must either originate in or be des *189 tined to the Parish of Calcasieu. Wisdom Moving' and Storage, Inc. and Arrow Moving and Storage Company of Lake Charles, Inc., carriers domiciled and authorized to operate in Calcasieu Parish, opposed the application.
After a hearing held on January 8, 1958 the Commission, with one of its ■ three members dissenting, issued Order Number 7545 (of date July 11, 1958) granting the certificate sought by Vincent.
Subsequently, the instant suit to annul such order was instituted in the District Court of East Baton Rouge Parish by the two above named opponents and by six other carrier firms, all eight of which hold certificates permitting them to transport household goods, furniture and fixtures anywhere in the State of Louisiana. Named defendants were both Vincent and the Commission.
Following a trial of the case, based solely on the evidence adduced at the Commission hearing, the district court rendered a judgment “ * * * decreeing Order Number 7545 of the Louisiana Public Service Commission, of date July 11th, 1958, null, void and of no effect, and canceling the said Order.”
Only the Commission appealed. Consequently the argument made in the brief to this court on behalf of defendant Vincent, which relates to procedural matters occurring during the trial, can be given no consideration.
To obtain a reversal of the mentioned judgment the appealing Commission relies heavily on the well recognized rule, stated in Yazoo and Mississippi Valley Railroad Company v. Louisiana Public Service Commission et al., 170 La. 441, 128 So. 39, 40, that “Whenever the Public Service Commission, in the issuing of an order, has acted within its power, and not arbitrarily or grossly contrary to the evidence, and when no error of law has been committed, the court must not substitute its judgment for that of the commission, or consider the expediency or wisdom of the order, or say whether on like evidence the-court would have made a similar ruling. * * * ” However, later this court also observed in Texas and New Orleans Railroad Company v. Louisiana Public Service Commission et al., 235 La. 973, 106 So.2d 438, 442 as follows: “While it is true that the orders of the Commission are entitled to great weight and the burden is on the railroad to show the invalidity of the orders of the Commission, if the findings and conclusions of the Commission do not conform to the law and are not supported' by the evidence, so that the order of the Commission is unreasonable, the court may reverse or vacate such order.”
The granting of an additional certificate-such as that with which we are here concerned is governed by LRS 45 :164, it reading: “No motor carrier shall operate as a common carrier without first having obtained from the commission a certificate of public convenience and necessity, which shall be issued only after a written application made and filed, a public hearing,, due notice given to applicant and all competing common carriers, and a finding by the commission that public convenience- and necessity require the issuance of a certificate. No new or additional certificate shall be granted over a rottte where-there is an existing certificate, unless it be-clearly shown that the public convenience and necessity would be materially promoted' thereby.” (Italics ours.)
Incidentally, at the hearing on Vincent’s application the dissenting member of the Commission, when referring to the quoted' statutory provision relative to the granting of an additional certificate, properly noted that “ * * * the Act doesn’t really give us too much discretion. It says that there-has to be a public need and an inadequacy of existing facilities * *
After our careful study of the record in the instant cause we think that the district judge (to quote from his written reasons for judgment) correctly observed! *190 and concluded: “Though I am aware of the fact that great weight is to he attached to the order of the commission in the exercise of the discretion vested in said commission, and that the court should not substitute its opinion for that of the commission, inasmuch as a review of the evidence offered on the trial of this case fails to disclose that the applicant has sustained the burden of proving that the granting of a certificate to him would redound to the interest of the public, and that the present facilities are inadequate, the granting of the certificate by the commission was improvidently done.”
In support of his application Vincent introduced at the commission hearing, and in this court the appellant Commission primarily relies on, statistics disclosing a substantial population and industrial growth in Calcasieu Parish commencing with the year 1939. While such growth may be a factor to be considered in determining if public need and convenience require additional carriers in that area it does not of itself show an inadequacy in the existing authorized moving service. Certainly from those statistics alone no conclusion can be drawn that the growth shown thereby has resulted in unreasonable transportation delays.
The only other evidence submitted by the applicant to prove a need for additional service in the area was his testimony that during the month immediately prior to the commission hearing he had received ten or twelve calls regarding the moving of household goods. However, it appears that he had been advertising as a carrier in the yellow pages of the Lake Charles telephone directory without disclosing in the advertisement a restriction of his authority to local service, and that such ten or twelve calls were for transportation he was unauthorized to render. In this connection he testified:
“Q. What have you done with those calls ?
“A. Two or three of them I told the people I just couldn’t service it; one of them I serviced through another carrier; and the rest of them I just told them I would be unable to service them because at the time I had no authority.”
And when asked whether his callers obtained service elsewhere he stated: “Well, I don’t know, sir, whether they did or not.”
On the other hand representatives of the Arrow Moving and Storage company and of the Wisdom Moving and Storage firm testified that they had been able to properly handle all of the business offered them in the area and were equipped to take care of fifty percent more. They further said that their only transportation delays were those required in the interest, and for the convenience, of the shippers; and that they had not received any complaints respecting their services.
Cited and relied on by the Commission for sustaining its appeal is Rubion Transfer and Storage Company, Inc. v. Louisiana Public Service Commission, 240 La. 440, 123 So.2d 880, 882. Clearly that case is inapplicable here. The record therein disclosed (as we pointed out in the opinion) that, in addition to a tremendous population growth in the area covered by the issued new permit, “inconvenience and trouble in moving had been experienced, such as inability to get service at the time desired or failure of the mover to appear until hours or even days after the time agreed upon." In other words positive evidence was introduced in the Rubion case of numerous and substantial moving delays (such was not done here), and it compelled the conclusion that the existing transportation service was inadequate. (Italics ours.)
Accordingly, we hold, as did the district judge, that Order Number 7545 of the Louisiana Public Service Commission is grossly contrary to the evidence and must be annulled.
For the reasons assigned the judgment appealed from is affirmed.