393 P.2d 909

Charles A. DAVIS and Verna Davis, his wife, dba Davis Water Company, Appellants,

v.

The CORPORATION COMMISSION of the State of Arizona, E. T. Williams, Jack Buzard, and George F. Senner, Jr., as Members of and constituting the said Corporation Commission of the State of Arizona, and the Superstition Water Company, Inc., Appellees.

No. 7364.

Supreme Court of Arizona.

En Banc.

July 6, 1964.

Wade Church, Phoenix, for appellants.

Robert W. Pickrell, Atty. Gen., and Spector & Johnson, Phoenix, for appellees.

## BERNSTEIN, Justice.

This case involves the issuance by the Arizona Corporation Commission of Certificates of Public Convenience and Necessity for the supply of water to the Apache Junction area of Pinal County. Immediate-

ly prior to the issuance of the certificate involved in this appeal, the appellant Davis, doing business as Davis Water Company, held the certificate for the area in dispute. The order appealed from awarded the certificate for most of the territory involved to appellee and real party in interest, Superstition Water Company, Inc. The order, Decision No. 32576 of October 20, 1960, was appealed to the Superior Court of Maricopa County, and a motion for judgment in favor of defendants was granted by that court at the conclusion of the appellant's evidence on April 6, 1961. This appeal followed.

Between January 13, 1958, and October 20, 1960, the Commission issued four decisions dealing with the applications to supply water to this territory from which no requests for rehearing or appeals were taken. The disputed territory was transferred back and forth between Davis and Superstition.

In the final decision the Commission determined that its prior orders had been based on testimony which was erroneous and misleading. The Commission found that Davis had installed no lines or facilities of any kind in the area with one exception. The area actually being served by Davis was not affected by the decision, and is not involved in this appeal.

Superstition showed that its management had changed since the earlier hearings, that it had plans for improved service and that its rates are lower than the rates charged by Davis, or for that matter, by any water company in the area.

In its decision the Commission said:

"The public interest is always the thing to which this Commission must give first consideration. [Allowing the area] to remain gerrymandered in small non-integrated tracts served by different companies must inevitably injure both the consumer and the companies."

Appellant makes the following assignments of error:

1. The issues decided by the order of October 20, 1960 were *res judicata.*

2. Said order constituted a collateral attack upon prior decisions of the Commission and such attack is prohibited by statute.

3. The doctrine of equitable estoppel applies so as to preclude rescission of Appellants' certificate of convenience and necessity theretofore issued.

4. Said order was based upon erroneous findings of fact.

The controlling question in this case is whether the Arizona Corporation Commission may rescind, alter or amend a Certificate of Public Convenience and Necessity after it has once been granted,

where no application for rehearing was made or appeal taken and the time for both has expired. This power is granted by A.R. S. § 40-252 which reads as follows:

"§ 40-252. Rescission or amendment of orders by commission; collateral attack on final orders or decisions prohibited

"The commission may at any time, upon notice to the corporation affected, and after opportunity to be heard as upon a complaint, rescind, alter or amend any order or decision made by it. When the order making such rescission, alteration or amendment is served upon the corporation affected, it is effective as an original order or decision. In all collateral actions or proceedings, the orders and decisions of the commission which have become final shall be conclusive."

We are concerned solely with the continuing powers of the Arizona Corporation Commission under A.R.S. § 40-252. Analogies drawn from the practice of other agencies state or federal, under other statutes are not helpful. The requirements of notice and hearing, which is a codification of the constitutional requirement inherent in due process, was met in this case. Civil Aeronautics Board v. Delta Air Lines, Inc., 367 U.S. 316, 81 S.Ct. 1611, 6 L.Ed.2d 869, relied on by appellant is distinguishable because in that case no notice or hearing was given to the holder of the existing certificate. The modification condemned in Delta was made on the basis of the original record, not, as here, on a new record made at a new hearing. Cf. Application of Trico Electric Cooperative, Inc., 92 Ariz. 373, 377 P.2d 309.

■ Appellant misconceives the fundamental nature of the Certificate of *Public Convenience and Necessity*, and the implications of the theory of *regulated* monopoly which has been adopted in Arizona. The monopoly is tolerated only because it is to be subject to vigilant and continuous regulation by the Corporation Commission, and is subject to rescission, alteration or amendment at any time upon proper notice when the public interest would be served by such action.

■ We have held that a Certificate of Public Convenience and Necessity cannot be based upon estoppel. In Pacific Greyhound Lines v. Sun Valley Bus Lines, Inc., 70 Ariz. 65, 72, 216 P.2d 404, 409, we said:

"Certificates of convenience and necessity can only be acquired from the corporation commission by an affirmative showing that its issuance would best serve the public interest and not by estoppel or laches."

The same principle applies where res judicata is urged as a ground for continu-

ance of a certificate of public convenience and necessity. Under statutes essentially similar to A.R.S. § 40–252, the Pennsylvania court said in Paradise v. Pennsylvania Public Utility Commission, 184 Pa.Super. 8, 132 A.2d 754, 755:

"We are not impressed by appellant's contention that, since no appeal was taken, the order of July 12, 1954, is res judicata. * * *"

"While the Commission may not act arbitrarily, it has the same power to revoke a certificate as it has to issue it, upon due cause being shown: [citations]." 132 A.2d 759.

There is no merit in appellants' argument that this case involves a collateral attack on the prior order of the Commission, which is prohibited by the final sentence of A.R.S. § 40–252. This court has held that "collateral attack" as used in that section means an attack such as an application for injunctive relief against an order of the Commission. Arizona Public Service Co. v. Southern Union Gas Co., 76 Ariz. 373, 265 P.2d 435; Winslow Gas Co. v. Southern Union Gas Co., 76 Ariz. 383, 265 P.2d 442; Tucson Rapid Transit Co. v. Old Pueblo Transit Co., 79 Ariz. 327, 289 P.2d 406. An application to the Commission to rescind, alter or amend an order, pursuant to A.R.S. § 40–252 does not constitute a collateral attack upon an order of the Commission.

Although appellant has failed to comply with our Rule 5(b) 4, 17 A.R.S., we have carefully examined the record and find that his assignment of error that said order was based upon erroneous finding of fact is without merit.

Judgment affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concur.