415 P.2d 472

**ARIZONA CORPORATION COMMISSION, and John P. Clark, A. P. Buzard and E. T. Williams, Jr., as members of and comprising the same, Appellants,**

v.

**TUCSON INSURANCE AND BONDING AGENCY, a corporation, and Standard Realty Company, Incorporated, a corporation, Appellees.**

No. 2 CA–CIV 103.

Court of Appeals of Arizona.

June 14, 1966.

Darrell F. Smith, Atty. Gen., Earl H. Carroll, Sp. Asst. Atty. Gen., Phoenix, for appellants.

Dunseath, Stubbs & Burch, by Robert B. Buchanan, Tucson, for appellees.

HATHAWAY, Judge.

The Arizona Corporation Commission has appealed from a judgment entered by the superior court of Pima County vacating and setting aside its order denying appellees' petition to delete 160 acres owned by them and included within an area certificated to Hidden Wells Water Company, Inc., a public service corporation. Briefly, the procedural chronology is as follows:

On November 24, 1961, the appellees filed with the Arizona Corporation Com-

mission their petition for deletion. They alleged therein that they had had no notice of the hearing on Hidden Wells' application for a certificate held December 13, 1960; that the appellee, Tucson Insurance and Bonding Agency, was seeking a utility water certificate for the area sought to be deleted from Hidden Wells; that the area sought to be deleted, combined with other land owned by appellees, could be made a part of an orderly and integrated public service development by appellees; and that appellees had been deprived of their property without due process of law.

The commission issued to Hidden Wells an order to show cause why the requested deletion should not be granted, and the matter was heard on January 5, 1962, in conjunction with another application of appellees not involved in this appeal.

The commission took the deletion request under advisement and on June 7, 1962, entered an order denying appellees' petition on the grounds that it would not be in the public interest to delete the area. The appellees applied for a rehearing and, upon its denial by operation of law, filed suit in superior court to set aside the commission's order.

The case was tried to the court and the commission's order was vacated as a result thereof. The commission assails the judgment below on several grounds:

(a) The findings of fact were immaterial and unsupported by competent evidence.

(b) The trial court's conclusions of law were erroneous.

(c) Appellees' claim in superior court relied upon grounds not set forth in the application to the commission for a rehearing.

 The proceedings in superior court were in the nature of a trial de novo. Arizona Corporation Commission v. Southern Pacific Co., 87 Ariz. 310, 312, 350 P.2d 765 (1960); Corporation Commission v. People's Freight Line, Inc., 41 Ariz. 158, 161, 16 P.2d 420 (1932). Consequently the trial court was not bound by the rule governing this court's disposition of an appeal that, if any reasonable evidence sustains the order of a lower tribunal, we will not consider the weight of the evidence or the inferences drawn therefrom by the trial court. The superior court had the right to form its own independent judgment as to the conclusion to be drawn from the evidence. Arizona Corporation Commission v. Fred Harvey Transportation Co., 95 Ariz. 185, 190, 388 P.2d 236 (1964); Corporation Commission v. Southern Pac. Co., 55 Ariz. 173, 176, 99 P.2d 702 (1940). Furthermore it was not restricted to a review of the evidence presented to the commission but might properly consider new evidence not considered by the commission. Gibbons v. Arizona Corporation Commission, 75 Ariz. 214, 217, 254 P.2d 1024 (1953); Arizona Corporation Commission v. Reliable Transp. Co., 86 Ariz. 363, 370, 346 P.2d 1091 (1960).

The following findings of fact were made by the trial court:

"3. The plaintiffs' property is undeveloped land and there is not at the present time, nor has there been at any time in the past, a need or demand for water service to the area.

"4. The plaintiffs' property was included in a certificate of convenience and necessity issued by the defendant Arizona Corporation Commission to Hidden Wells Water Company, Inc. on December 30, 1960, in Decision No. 32710, Docket No. U–1456.

"5. The plaintiffs did not receive notice nor did they have knowledge of the hearing held by the Arizona Corporation Commission on December 13, 1960, at which the application of Hidden Wells Water Company, Inc. for a certificate of convenience and necessity over territory which included plaintiffs' property, was granted.

"6. It has been the declared policy, custom and practice of the Arizona Corporation Commission to delete 160 acres or more of property located in Pima

County, Arizona if the owner of the property, or his representative, protests in writing prior to the hearing, or appears at the hearing to protest the inclusion of his property in the certificate applied for.

"7. Had the plaintiffs known of the December 13, 1960 hearing on the Hidden Wells Water Company, Inc., application for a certificate of convenience and necessity which included their property they would have appeared at the hearing and objected to the inclusion of their property in the certificate.

"8. The representative of the owner of 70 acres of land within the area included in the Hidden Wells Water Company, Inc. application for a certificate of convenience and necessity obtained a deletion of his property when he appeared and objected at the hearing on December 13, 1960.

"9. Had the plaintiffs appeared at the hearing on December 13, 1960 and objected to the Hidden Wells Water Company, Inc. application to include their property in a certificate of convenience and necessity, the Arizona Corporation Commission would have deleted plaintiffs' property from the area certificated to Hidden Wells.

"10. When requested by the landowner it has been the declared policy, custom and practice of the Arizona Corporation Commission to delete areas of 160 acres or more from previously issued certificates of convenience and necessity when the certificate has not been activated.

"11. Plaintiffs, after learning that their property had been certificated to Hidden Wells Water Company, Inc. acted diligently in petitioning the Arizona Corporation Commission for a deletion of their property.

"12. Hidden Wells Water Company, Inc. has no customers, facilities or investment in the property owned by plaintiffs, nor has it exercised or activated its certificate since obtaining the same in December, 1960.

"13. The public interest could not have been detrimentally affected by the deletion of plaintiffs' property from the certificate held by Hidden Wells Water Company, Inc."

■ Although we as a reviewing court are bound by the trial court's findings of fact where supported by the evidence, Ali v. Sitts, 1 Ariz.App. 439, 442, 404 P.2d 100 (1965), we are not bound by the conclusions of law based upon those findings of fact. Miller v. Boeger, 1 Ariz.App. 554, 557, 405 P.2d 573 (1965); Brasher v. Gibson, 2 Ariz.App. 91, 406 P.2d 441, 450 (1965).

■■ The trial court concluded that it would not have been contrary to the public interest to have granted the application for deletion since the public interest was not involved and that the order denying deletion was unreasonable and unlawful. Although the superior court proceedings were a trial de novo, the appellees had the burden of proving the invalidity of the commission's decision by clear and satisfactory evidence. Arizona Corporation Commission v. Fred Harvey Transportation Co., supra; A.R.S. § 40–254, subsec. E; 73 C.J.S. Public Administrative Bodies and Procedure § 206. We do not believe that they sustained this burden.

■■ The policy in this state regarding public service corporations is one of regulated monopoly rather than one of free-wheeling competition. Arizona Corporation Commission v. Fred Harvey Transportation Co., supra; Old Pueblo Transit Co. v. Arizona Corporation Commission, 84 Ariz. 389, 390, 329 P.2d 1108 (1958). The corporation commission in issuing a certificate of convenience and necessity performs a judicial function and the certificate represents the judgment of the commission reached in the same manner as a judgment of a court of record. Pacific Greyhound Lines v. Sun Valley Bus Lines, 70 Ariz. 65, 71, 216 P.2d 404 (1950).

■■ The issuance of the certificate of convenience and necessity to Hidden Wells was based on a determination by the commission that the public interest would thereby be served. Cf. Pacific Greyhound Lines v. Sun Valley Bus Lines, supra. Such determination is conclusive and in the absence of an appeal therefrom is res adjudicata. Cf. Arizona Public Service Co. v. Southern Union Gas Co., 76 Ariz. 373, 377, 265 P.2d 435 (1954); Tucson Warehouse & Transfer Co. v. Al's Transfer, Inc., 77 Ariz. 323, 325, 271 P.2d 477 (1954). The trial court's finding that appellees had received no notice of the hearing on Hidden Wells' application for a certificate does not affect its validity, as the commission was not required to give such notice, there being no constitutional or statutory provision requiring same. See Walker v. De Concini, 86 Ariz. 143, 148, 341 P.2d 933 (1959).

■ The commission, however, is vested with power to rescind, alter or amend a certificate of convenience and necessity after it has once been granted. A.R.S. § 40–252. The exercise of this power requires showing due cause for such action—an affirmative showing that the public interest would thereby be benefited. Davis v. Corporation Commission, 96 Ariz. 215, 218, 393 P.2d 909 (1964). The commission's refusal to delete the appellees' property from Hidden Wells' certificate was in effect a refusal to exercise the power accorded by A.R.S. § 40–252. Their decision was based on a finding that it would not be in the public interest to grant the request for deletion. Courts should not disturb the wide discretion vested in a public commission to decide a public corporation's ability to serve the public under the regulated monopoly theory unless the decision is shown to be clearly arbitrary or in disregard of legal rights. Arizona Corporation Commission v. Fred Harvey Transportation Co., supra.

■ Appellees introduced into evidence, over appellant's objection, copies of other commission orders granting deletion. Such evidence was improperly considered as bearing on the issue of "public interest," the controlling factor in such determinations. Deletion under certain circumstances may have no relation to public benefit while under another set of conditions the public interest might be adversely affected if deletion were granted. A property owner's interests and desires must yield to the public convenience, a public service commission's prime concern. 3 Pond, Public Utilities, 4th ed., § 913; 73 C.J.S. Public Utilities § 42a. The lower court had no knowledge of the factual basis for the commission's other decisions granting deletion.

■ Arbitrariness of the commission's action must rest on the factual setting of this particular case, not on other cases whose factual situations might be clearly distinguishable. Furthermore, a practice or policy of granting deletion cannot be relied on as requiring deletion in every instance when requested by a property owner, absent a formally adopted rule or statute making deletion mandatory upon request. Cf. Cagle Bros. Trucking Service v. Arizona Corporation Commission, 96 Ariz. 270, 394 P.2d 203 (1964).

■ Such practice or policy is repugnant to the underlying philosophy of our public utility law. Arbitrary deletion of areas of 160 acres or more, merely because a landowner objects to the inclusion of his land in a certificated area, obviously discriminates against the small landowner and has no basis in public convenience and necessity. A water company's ability, from an economical standpoint, to serve many small property owners may hinge upon the inclusion of a larger parcel of land in its certificate. If owners of a substantial amount of acreage may arbitrarily delete their holdings from a certificate, a property right without legal precedent is thereby granted them, which might be sold or otherwise exploited to the ultimate detriment of the using public. We hold, therefore, that fact findings relative to a pol-

icy of deletion will not support a reversal of the commission's decision.

 The findings of fact relative to lack of customers and facilities do not support a conclusion that deletion of appellees' property would not affect the public interest. Hidden Wells' manager testified that the installation of existing facilities was made in reliance on the certificate for the entire area with a view to satisfying prospective needs of future development. He also stated that adequate facilities were available to serve the appellees' property whenever service was required. There was no contrary evidence adduced. Based on such facts the commission quite properly could find that deletion would be detrimental to the public interest because of its effect on the rate structure or quality of service. As stated in Corporation Commission v. People's Freight Line, Inc., supra:

> "Many years of bitter experience have proved beyond a doubt in every line of public service, including that of carriers, that if more than one instrumentality is allowed to operate when one is amply sufficient to meet the public needs, the actual cost to the public in the long run is not only as a rule greater than it would be with but one plant, but the service is also less satisfactory. Past history has shown that in public service enterprises competition in the end injures rather than helps the general good and that whether in public or private hands, such utilities are best conducted under a system of legalized and regulated monopoly." 41 Ariz. at 165, 16 P. 2d at 422.

 Since the appellees failed to prove that amendment of Hidden Wells' certificate would be in the public interest, the controlling consideration, and further failed to demonstrate arbitrariness of the commission's action by satisfactory evidence, the trial court erred in vacating the commission's order. In view of our so holding, it is unnecessary to consider appellants' final contention with regard to reliance upon grounds not set forth in the application for rehearing.

The order appealed from is reversed and it is so ordered.

KRUCKER, C. J., and MOLLOY, J., concurring.