516 P.2d 49

Robert J. FERNANDEZ dba Holiday Forest
Water Company and the Corporation
Commission of Arizona, Appellants,

v.

ARIZONA WATER COMPANY, a corpo-
ration, Appellee.

No. I CA–CIV 1902.

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 27, 1973.

Rehearing Denied Jan. 8, 1974.

Review Granted Feb. 5, 1974.

Edward C. Voss III, Sp. Asst. Atty. Gen., and Murphy, Posner & Franks, Phoenix, for appellants.

Fennemore, Craig, von Ammon & Udall by Kent A. Blake, Phoenix, for appellee.

## OPINION

STEVENS, Judge.

This appeal is from a Superior Court decision vacating an Arizona Corporation Commission order which purported to set aside its own previous order granting a certificate of convenience and necessity.

. R. J. Fernandez, doing business as Holiday Forest Water Company (Holiday Water), and Arizona Water Company (Arizona Water) filed separate applications with the Arizona Corporation Commission (Commission) seeking the right to deliver water to a specified subject area. On 5 August 1969 a consolidated hearing was held before the Commission to determine which of the two applications should be granted. On 8 August 1969 Arizona Water's application was granted (decision 40153) and that of Holiday Water was denied (decision 40152). On 25 August 1969 Holiday Water petitioned for a rehearing only in relation to decision 40152, alleging that it had new testimony which, if known by the Commission, would cause the Com-

mission to grant it a certificate. There was no petition seeking a rehearing in relation to decision 40153, the decision which was favorable to Arizona Water. The Commission, on 9 September 1969, ordered a rehearing. The hearing was held on 4 February 1970, both parties appeared by counsel, and after the hearing, the Corporation Commission took the matter under advisement. On 15 June 1970 the Commission issued an order to show cause to Arizona Water, requiring it to appear in ten days and show cause why its certificate (decision 40153) should not be revoked and why Holiday Water's application should not be granted. The hearing on the order to show cause was held on 25 June 1970, attended by both parties. On 4 August 1970, almost a year after the decision granting Arizona Water's application, the Commission deleted from Arizona Water's certificate the area granted in decision 40153, and rescinded its denial of Holiday Water's application made in decision 40152. Arizona Water applied for a rehearing on 13 August 1970 which was denied on 27 August 1970. On 3 September 1970 Arizona Water filed a suit in Superior Court against the Arizona Corporation Commission and the individual Commissioners seeking to have the 4 August 1970 Commission decision set aside.

Holiday Water was not joined as a party defendant in the Superior Court action. A.R.S. § 40–254, by its terms, does not require any party defendant other than the Commission. On 16 February 1971 Holiday Water moved to intervene in the Superior Court action. While Arizona Water did not file any opposition to the motion, the record is silent as to the motion having been presented to the trial court. Holiday Water was advised of the 10 May 1971 trial date and when the case was called for trial Holiday Water did not appear. The trial court denied the motion to intervene as having been abandoned. Thereafter the present counsel for the appellants became Holiday Water's attorneys of record and Mr. Voss was designated as a Special Assistant Attorney General to represent the Commission and the Commissioners. This

designation complies with the requirements of A.R.S. § 40–106(1). The Superior Court ruled that the Commission's 4 August 1970 decision was a nullity, in that no evidence was offered in the 25 June 1970 hearing to justify the deletion of the subject area from Arizona Water's certificate. This appeal followed.

■ The policy in Arizona regarding public service corporations is one of regulated monopoly rather than one of free-wheeling competition. The basis of the policy is to provide the public with a stable source of public services, and to assure the businesses providing these services a stable and reasonably profitable market. See Old Pueblo Transit Co. v. Arizona Corporation Commission, 84 Ariz. 389, 329 P.2d 1108 (1958); Arizona Corporation Commission v. Fred Harvey Transportation Company, 95 Ariz. 185, 388 P.2d 236 (1964). In order to give effect to this policy, the Corporation Commission is charged with the responsibility of conducting hearings to establish which persons and businesses are best equipped to provide the necessary services. All businesses wishing to render regulated services must obtain a certificate of convenience and necessity pursuant to A.R.S. §§ 40–281 to 40–285. By means of the issuance of a certificate of convenience and necessity the State, in effect, contracts, that, if the certificate holder will make an adequate investment and render competent and adequate service, he may have the privilege of a monopoly as against any other private utility. Application of Trico Electric Co-operative, Inc., 92 Ariz. 373, 377 P.2d 309 (1962); City of Tucson v. Polar Water Co., 76 Ariz. 404, 265 P.2d 773 (1954). The Corporation Commission in issuing a certificate of convenience and necessity performs a judicial function and the certificate represents the judgment of the Commission reached in the same manner as the judgment of a court of record. Pacific Greyhound Lines v. Sun Valley Bus Lines, 70 Ariz. 65, 216 P.2d 404 (1950).

■ Recourse from the granting of a certificate of convenience and necessity in another person or business is available. The procedure is set out in detail in rules and statutes. The Rules of Practice and Procedure of the Corporation Commission Art. XVI § 5 (1952) provides:

"5. All such petitions [for rehearing] shall be filed within 20 days from the date of the order of the Commission."

The Arizona Supreme Court has construed this to mean that orders granting or denying a certificate of necessity have an effective date of twenty days after the order is entered. Jenney v. Arizona Express Inc., 89 Ariz. 343, 362 P.2d 664 (1961). If an application for rehearing is filed within 10 days of the order's effective date, the Commission must rule on the motion within twenty days, or it "shall be deemed denied" by operation of law [A.R.S. § 40–253(D)] and the 30-day period during which appeal must be filed in Superior Court [A.R.S. § 40–254(A)] begins to run. The statement that the petition for rehearing "shall be deemed denied" has been held to be mandatory, requiring that the motion be considered denied from that point. Jenney, supra. Any subsequent Commission order is a nullity. [89 Ariz. at 348, 362 P.2d at 668] Similarly, if the petition for rehearing is granted, and no provision is made for suspension of the order involved, the Commission shall hear the matter forthwith and determine it within 20 days after final submission. If the determination is not made within such time, the application shall be deemed denied. A.R.S. § 40–253(D).

■ After the order granting a certificate becomes effective, the holder possesses a right in it which cannot be arbitrarily denied by subsequent Commission actions. The right in the certificate has been described as a vested property right, Application of Trico Electric Co-operative, Inc., 92 Ariz. 373, 377 P.2d 309 (1962), or the effect of res judicata, Arizona Corporation Commission v. Tucson Insurance and Bonding Agency, 3 Ariz.App. 458, 415 P.2d 472 (1966), and cases cited therein. The right is not absolute since the Corporation Commission retains the right to amend, al-

ter or rescind the certificate. A.R.S. § 40–252.

When A.R.S. § 40–252 is read in the light of the above-mentioned cases, it is clear that the authority of the Commission to amend, alter or rescind a certificate, once it has become effective, is subject to some limitations. It is clear that there must be notice to the parties affected. Application of Trico Electric Co-operative, Inc., supra; Gibbons v. Arizona Corporation Commission, 95 Ariz. 343, 390 P.2d 582 (1964). Furthermore,

"* * * one public service company may not invade an area duly certificated to another public service company, * * * until there has been a finding by the corporation commission that the public convenience and necessity would be served thereby *because such certificated utility has failed to render satisfactory and adequate service at reasonable rates.*" (Emphasis added). Tucson Gas, Electric, Light and Power Co. v. Trico Electric Co-operative, Inc., 2 Ariz.App. 105, 406 P.2d 740 (1965). Citing Application of Trico Electric Co-operative, supra.

Where the notice, hearing and timeliness requirements have been met, a party dissatisfied with the findings of the Commission may appeal to the Superior Court. The party will receive a trial *de novo* on the merits of his case. He will have the burden of showing that the Commission ruling was unreasonable or unlawful by clear and satisfactory evidence. Corporation Commission v. People's Freight Line, Inc., 41 Ariz. 158, 160–161, 16 P.2d 420, 421; Arizona Corporation Commission v. Reliable Transportation Company, 86 Ariz. 363, 370–371, 346 P.2d 1091, 1096 and cases cited.

Based on the previously cited authorities and our examination of the record, we hold that the trial court ruled correctly in vacating the Commission's 4 August 1970 ruling. The Commission's order 40153 granting to Arizona Water a certificate of convenience and necessity for the subject area became effective on 28 August 1969. Collateral actions by Holiday Water and the Commission were ineffective to upset the certificate in that a hearing must be had in reference to the order and docket number granting the certificate, and the person challenging the certificate must show that the certificated utility has failed to render satisfactory and adequate service at reasonable rates as provided by its certificate. We further hold that Arizona Water produced clear and satisfactory evidence of the Commission's failure to follow the pertinent rules and statutes.

In the Superior Court, Commissioner Al Faron was substituted for his predecessor Commissioner Dick Herbert. Inadvertently the notice of appeal named the Commission and former Commissioner Herbert, together with two other Commissioners. This Court inquired as to whether there was any significance to this oversight. We hold that there was none. The general rule is that when a public official is sued in his official capacity, he should be described by his official title rather than his name, with the court retaining the power to have his name added. Arizona Rules of Civil Procedure 25(e)(2), 16 A. R.S. Furthermore, when a public official ceases to hold office, his successor is automatically joined, and any misnomer not affecting the substantial rights of the parties shall be disregarded. Rule 25(e)(1). With regard to appeals from Corporation Commission decisions the rule is even narrower. A.R.S. § 40–254(A) requires that the suit name the Commission as defendant.

We hold that the individual Commissioners are not necessary parties under A.R.S. § 40–254(A) and we have accordingly modified the caption of this opinion by deleting their names.

The judgment appealed from is,

Affirmed.

DONOFRIO, P. J., and OGG, J., concur.