523 P.2d 505

The **ARIZONA CORPORATION COMMISSION, and Al Faron, Charles H. Garland and Ernest Garfield, as Members of said Commission, Appellants,**

v.

**ARIZONA WATER COMPANY, an Arizona corporation, Appellee.**

No. 11449-PR.

Supreme Court of Arizona, In Banc. June 12, 1974.

For some time prior to the commencement of the controversy herein, the Arizona Water Company distributed domestic water in the Heber-Overgaard area, a sparsely settled region near the Mogollon Rim. R. J. Fernandez, doing business under the name of Holiday Forest Water Company proposed to supply domestic water to a one-half section, surrounded on three sides by the Arizona Water Company's distribution facilities. This 320 acres was being developed into 331 residential sites. Both Fernandez and the Arizona Water Company filed applications with the Arizona Corporation Commission to deliver water to the one-half section under development.

On August 8, 1969, Arizona's application was granted and Fernandez's was denied. Fernandez applied for a rehearing on the Commission's order certificating the Arizona Water Company. A rehearing was held on February 4, 1970.

On June 15, 1970, the Corporation Commission issued an order to show cause directed to the Arizona Water Company why it should not have its order of August 8, 1969 certificating the Arizona Water Company vacated and held a hearing pursuant thereto on June 25, 1970. On August 4, 1970, the Commission by its decision No. 40778 rescinded its decision granting Arizona a certificate and granted Fernandez a certificate to supply domestic water in the disputed one-half section. After an application for rehearing was denied, Arizona appealed to the Superior Court pursuant to A.R.S. § 40–254. The Superior Court after a hearing ordered that the Commission's decision No. 40778 together with its order certificating Fernandez be vacated. This appeal followed.

We first note that Fernandez is not a party to this appeal. He filed a motion to intervene in the appeal by the Arizona Water Company to the Superior Court, but his motion was denied. Thereafter, he filed a notice of appeal from the order denying his motion to intervene. The appeal was dismissed in the Court of Appeals, and

Gary K. Nelson, Atty. Gen., by Edward C. Voss, III, Special Asst. Atty. Gen., Phoenix, for appellants.

Fennemore, Craig, von Ammon & Udall, by Kent A. Blake, Phoenix, for appellee.

STRUCKMEYER, Justice.

This is an appeal from a judgment of the Superior Court vacating a decision of the Arizona Corporation Commission. The Court of Appeals affirmed, 21 Ariz.App. 107, 516 P.2d 49 (1973). We accepted review. Opinion of the Court of Appeals vacated, and judgment of the Superior Court affirmed.

no motion for rehearing or review was filed in this Court. We therefore consider that the judgment against Fernandez in the Superior Court has become res judicata.

The Corporation Commission, however, argues that Fernandez was an indispensable party to the proceedings in the Superior Court and for that reason this case must be returned for a retrial.

■ We do not agree. A party who has not been injured cannot assign as error on appeal that the judgment against his co-party was irregular or improper where the co-party does not complain. American Auto Insurance Company v. English, 266 Ala. 80, 94 So.2d 397 (1957); Wisdom Moving and Storage, Inc. v. Louisiana Public Service Commission, 241 La. 28, 127 So.2d 188 (1961); Mocuik v. Svoboda, 253 Minn. 562, 93 N.W.2d 547 (1958); Dean v. Young (Mo.Sup.Ct.) 396 S.W.2d 549 (1965); Coca Cola Bottling Co. v. Mitchell (Tex.Civ.App.) 423 S.W.2d 413 (1967); Stratton v. United States Bulk Carriers, Inc., 3 Wash.App. 790, 478 P.2d 253 (1970). For example, in Stratton v. United States Bulk Carriers, Inc., *supra,* the court said:

"Defendant finally contends that the judgment against the nonappealing defendants is void on jurisdictional grounds and should be reversed. Appellant claims no prejudice as to it in the entry of judgment against the nonappealing defendants. Accordingly, with respect to such judgment, he is not the party aggrieved, and we cannot consider the contention advanced." 3 Wash.App. 790, 797, 478 P.2d 253, 257.

And in Wisdom Moving and Storage, Inc. v. Louisiana Public Service, *supra,* the court said:

"Only the Commission appealed. Consequently the argument made in the brief to this court on behalf of defendant Vincent, which relates to procedural matters occurring during the trial, can be given no consideration." 241 La. 28, 30, 127 So.2d 188, 189.

We conclude that if error was committed as to the denial of the intervention of Fernandez, such error was harmless as to the Corporation Commission, since it had the opportunity to litigate the issues affecting its orders.

The only other issue for determination is whether the Commission's orders and decisions were unlawful or its acts unreasonable.

■ By A.R.S. § 40–252, the Commission may at any time upon notice to a public service corporation and after opportunity to be heard rescind, alter or amend any order or decision made by it. We have said that Arizona is a regulated monopoly state and that "The monopoly is tolerated only because it is to be subject to vigilant and continuous regulation by the Corporation Commission, and is subject to rescission, alteration or amendment at any time upon proper notice *when the public interest would be served by such action.*" Davis v. Corporation Commission, 96 Ariz. 215, 218, 393 P.2d 909, 911 (1964) (emphasis added). The Commission therefore in rescinding its order certificating the Arizona Water Company to serve the one-half section in dispute was compelled to act upon a showing that the public interest would be served by its action. And *see* Arizona Corporation v. Tucson Insurance and Bonding Agency, 3 Ariz.App. 458, 415 P.2d 472, 478 (1966).

■ The question before the Superior Court upon appeal from the Corporation Commission, *see* A.R.S. § 40–254, was whether the Commission's action was reasonable in concluding that the public interest would be served by its action. As to this, the Superior Court made findings of fact fully supported by the evidence which can be summarized as follows: *First,* that the source of supply for the water system proposed by Arizona Water Company would consist of three inter-connected wells, whereas the source of supply for Fernandez would consist of one well; and that the water in Arizona Water Compa-

ny's wells had been approved for domestic use by the Arizona State Health Department, while at the time of trial the water in the well proposed to be used by Fernandez had not been approved for domestic use.

*Second,* Arizona Water Company had a certificate of convenience and necessity to serve domestic water on three sides of the disputed area with a 4-inch main extending along the north side of the area, which main could be used for serving water to consumers in the disputed area, and the Arizona Water Company also had a 2-inch main extending into the area from which it already was serving a customer.

*Third,* the Arizona Water Company had an overall substantial investment in wells, mains and water facilities adjoining the area sought to be deleted from its certificate of convenience and necessity, which facilities could be used to serve the area; that the cost of installing the first phase of the water distribution system proposed by Fernandez was $84,844.00, whereas the cost of installing the same water distribution system proposed by Fernandez together with connecting the system to Arizona Water Company's three-well source of supply was $47,188.00.

The trial court concluded as a matter of law after reviewing the testimony of the February 4, 1970 and June 25, 1970 hearings before the Corporation Commission that there was no evidence which would justify deleting the area in dispute from Arizona Water Company's certificate of convenience and necessity and that to delete the area from Arizona Water Company's certificate would cause a duplication of facilities and be costly and detrimental to water consumers in the area.

We have examined the evidence introduced at the Commission's hearings and conclude that the evidence that the public interest would best be served by the certification of Fernandez in place of the Arizona Water Company is insubstantial as opposed to the evidence offered by the Arizona Water Company and, therefore, hold that the record clearly supports the Superior Court's conclusions.

The judgment of the Superior Court is affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD, J., concur.

Note: Justice WILLIAM A. HOLOHAN did not participate in the determination of this matter.