539 P.2d 928

**John Michael MORRIS, Appellant,**

v.

**The ARIZONA CORPORATION COMMIS-SION, Russell Williams, Charles H. Garland and Al Faron, as members thereof, Arizona Public Service Company, an Arizona Corporation, and Tucson Gas & Electric Company, an Arizona Corporation, Appellees.**

**No. 1 CA–CIV 2450.**

Court of Appeals of Arizona,
Division 1,

Department A.

Aug. 26, 1975.

John Michael Morris, in pro per.

Bruce E. Babbitt, Atty. Gen., by Charles S. Pierson, Asst. Atty. Gen., Phoenix, for appellees Ariz. Corp. Commission and Members Thereof.

Holesapple, Conner, Jones & Johnson by Donald E. Dickerman, Tucson, and Jennings, Strouss & Salmon by Thomas J. Trimble, Phoenix, for appellee Tucson Gas & Electric Co.

Snell & Wilmer by Edward Jacobson and Michael L. Gallagher, Phoenix, for appellee Ariz. Public Service Co.

## OPINION

FROEB, Judge.

The question presented in this appeal is whether Article 15, Section 14 of the Arizona Constitution allows the fair value of out-of-state property owned by appellee, Arizona Public Service Company, to be considered by the Arizona Corporation Commission in establishing a rate base. The referred to section reads as follows:

"§ 14. Value of property of public service corporations

Section 14. The Corporation Commission shall, to aid it in the proper discharge of its duties, ascertain the fair value of the property within the State of every public service corporation doing business therein; and every public service corporation doing business within the State shall furnish to the Commission all evidence in its possession, and all assistance in its power, requested by the Commission in aid of the determination of the value of the property within the State of such public service corporation."

The issue was originally presented to and determined by the Arizona Corporation Commission in rate-making proceedings. From a decision in favor of Arizona Public Service, appellant, John Michael Morris, filed a complaint in the Superior Court of Maricopa County to review the decision of the Corporation Commission. Summary judgment was granted by the Superior Court in favor of Arizona Public Service and from that judgment appellant brings this appeal.

Arizona Public Service Company owns and operates a portion of a power plant in the Four-Corners region of New Mexico from which electric energy is generated and used by the people of Arizona. The Arizona Corporation Commission included an appropriate portion of that out-of-state facility in determining the Company's rate base.

Appellant contends that the inclusion of out-of-state property in a utility's rate base violates Article 15, Section 14 of the Arizona Constitution, since, he argues, the provision specifically requires the Corporation Commission to ascertain the fair value of the property *within the state*. His argument rests heavily upon an application of the expressio unius rule of construction, namely that "the expression of one thing is the exclusion of another." That is, by referring only to property *within the state,* property *without the state* must be excluded. We find, however, that we are not in agreement with appellant's analysis of this constitutional provision and determine that it is not appropriate to apply the rule in this case.

Expressio unius is a valid rule of statutory and constitutional construction; however, it can properly be applied only to carry out the intent of the Constitution, not to defeat it.

What then can be said of the intent behind Article 15, Section 14? At the time this provision was enacted, no public utility in Arizona owned out-of-state property which was used in serving the Arizona public. Thus, there was no occasion expressly to take it into account in the drafting of the Constitution. An analogous situation arose in *Corporation Commission v. Pacific Greyhound Lines,* 54 Ariz. 159, 94 P.2d 443 (1939) in which one of the questions was whether a motor vehicle corporation was a common carrier as it was not mentioned in Article 15, Section 10 of the Arizona Constitution, which enumerated certain other corporations as common carriers. The argument was advanced that since motor vehicles were not specifically mentioned they could not be common car-

riers. Rejecting this contention, the Arizona Supreme Court held:

" . . . While it is true that motor vehicles are not expressly mentioned in this section, we think it is evident that this is because at the time of the adoption of the constitution in 1910 there were no motor vehicles in existence in Arizona . . . engaged in the business of common carriers. . . . " 54 Ariz. 159, 174, 94 P.2d 443, 449 (1939).

▮ The rule of expressio unius states a rule of construction, not a substantive law and serves only as an aid in determining legislative intent. It appears to us that the logical intent underlying Article 15, Section 14, is to permit the Corporation Commission to use the fair value of all of the property of a utility, out-of-state as well as in-state, to arrive at a reasonable and just rate base by which to establish a fair rate of return. Any other rule would improvidently restrict an Arizona utility from locating part of its facility at a place which, though out-of-state, might well be to the advantage of the people of Arizona served by it.

▮ Our conclusion is further supported by the long-standing construction, identical to ours, applied by the Arizona Corporation Commission itself to Article 15, Section 14. The Arizona Supreme Court has recognized this factor as an aid to construction. *Industrial Commission v. Harbor Insurance Co.*, 104 Ariz. 73, 449 P.2d 1 (1968); *Long v. Dick*, 87 Ariz. 25, 347 P. 2d 581 (1959); *Alvord v. State Tax Commission*, 69 Ariz. 287, 213 P.2d 363 (1950).

" . . . We have held many times that the construction placed on a statute by the executive body which administers it, if acquiesced in for a long period of time, will not be disturbed unless such construction is manifestly erroneous. . . ." *Industrial Commission v. Harbor Insurance Co.*, 104 Ariz. 73, 76, 449 P.2d 1, 4 (1968).

With respect to out-of-state property, the Arizona Corporation Commission has, without exception, continuously interpreted Article 15, Section 14, to permit the Commission to value out-of-state property used to serve Arizona customers for rate making purposes.

▮ We note also that our conclusion is supported by the first words of Article 15, Section 14, which say that the ascertainment of fair value of the property is to *aid* it in the proper discharge of its duties. We find that this language is indicative of an intent not to confine the Corporation Commission to in-state property in its determination of the rate base.

In view of our holding that the Corporation Commission is empowered to include the fair value of out-of-state property, we need not consider the contention raised by appellees that the prohibition of such power would result in the taking of property without due process of law.

The final contention presented by appellant is that the rate orders of the Commission are illegal because of the failure of the Commission to adopt and file rules and regulations pertaining to the determination of rate base and rate of return in accordance with the Administrative Procedure Act.[1] As an example, he points to the formula allowed by the Commission by which appellee adjusts its natural gas rates auto-

---

1. Appellant's reference is to A.R.S. § 41–1004 which reads:

"§ 41–1004. Filing rules with the secretary of state; exceptions.

"A. Every rule adopted by each agency shall be certified and filed with the office of the secretary of state or shall be of no force or effect. The secretary of state shall keep a permanent register of such rules. The secretary of state shall not accept for filing a rule of a state agency which does not have a cer-

tification and approval of the attorney general as required by § 41–1002.01.

"B. Nothing in this article shall be construed to require filing with the secretary of state any rule which establishes or fixes rates, prices or tariffs, or relates to the use of public works, including streets and highways under the jurisdiction of any state agency when the effect of the order is indicated to the public by means of signs or signals."

matically to reflect increases or decreases in the wholesale price of the natural gas it uses as boiler fuel to generate electricity and which it also sells to the ultimate consumer. He contends that such formulas are rules within the meaning of the Administrative Procedure Act.

There is clearly no merit to appellant's position. The Corporation Commission is empowered by Article 15, Section 3 of the Arizona Constitution to fix public utility rates. Section B of A.R.S. § 41–1004 (set forth in Footnote No. 1) specifically excludes any rules which establish or fix rates from the requirement of filing with the Secretary of State. This is consistent with the principle that the Corporation Commission has full and exclusive power in the field of prescribing rates which cannot be interfered with by the courts, the legislature or the executive branch of state government. *Ethington v. Wright,* 66 Ariz. 382, 189 P.2d 209 (1948).

In answer to this, appellant contends that rules pertaining to fair value rate base and rate of return apply to the *operation* of a utility and not to *rate making,* placing them in the category of those which are to be filed with the Secretary of State. We find this argument untenable and therefore reject. it. The duty of the Commission to establish fair value rate base and rate of return is the necessary foundation for rate making. These duties therefore do not relate to the operation of the utility corporation. Indeed, the rate-making process does not lend itself to rule formulation because the relevant factors may be given different weight in the discretion of the Commission at the time of the inquiry. See *Arizona Corporation Commission v. Arizona Water Co.,* 85 Ariz. 198, 335 P.2d 412 (1959); *Simms v. Round Valley Light & Power Co.,* 80 Ariz. 145, 294 P.2d 378 (1956).

The judgment of the trial court in favor of appellees is affirmed.

OGG, P. J., and WREN, J., concur.