699 P.2d 387

Richard S. BERRY, Plaintiff-Appellant,

v.

STATE of Arizona, DEPARTMENT OF CORRECTIONS, James Ricketts, Ernesto Salazar, Donald B. Wawrz-Aszek, Michael Chernetsky, Defendants-Appellees.

No. 1 CA–CIV 7748.

Court of Appeals of Arizona,
Division 1, Department A.

March 5, 1985.

Review Denied May 7, 1985.

Richard S. Berry, in pro. per.

Robert K. Corbin, Atty. Gen. by Thomas Prose, Asst. Atty. Gen., Phoenix, for defendants-appellees.

## OPINION

OGG, Judge.

This appeal is taken from the granting of appellees', *State of Arizona, et al.,* (State) motion to dismiss appellant Richard S. Berry's complaint.

Appellant Berry is presently an inmate confined with the Arizona Department of Corrections, Florence, Arizona. On January 27, 1984, Berry filed this action against the State alleging that his application for release under the work furlough program administered by the Department of Corrections was unlawfully denied. Berry asserted in his complaint that the Department of Corrections denied his application for work furlough based upon his record of convictions for offenses similar to the offense for which he is currently incarcerated. As a result, prison officials determined that he should remain in minimum custody for a longer time period.

Berry subsequently challenged the prison officials' decision and requested copies of his master record file to determine what information was utilized by prison authorities in reaching their decision to deny his work furlough application. Prison officials denied Berry access to his master record file pursuant to A.R.S. § 31–221 *et seq.* After exhausting all of the administrative remedies available to him, Berry brought an action against the State in Superior Court; this appeal follows the dismissal of Berry's complaint.

■ Berry initially asserts that he was denied access to his master record file in violation of the Arizona Public Records Statutes, A.R.S. § 39–121 *et seq.* Further, the Federal Freedom of Information Act, 5 U.S.C. § 552, is cited by Berry to support his argument; however, the language of the Act limits its application to agencies of the federal government and is therefore inapplicable. Arizona law must therefore be applied to resolve this issue.

■ A.R.S. § 31–221 *et seq.* clearly prohibits the Department of Corrections from allowing inmates access to their personal master record files. Specifically, A.R.S. § 31–221(D) provides:

> No inmate shall have access to such files or assist in the preparation or reproduction of reports contained in such files.

Subsection C of the statute further establishes that such master record files "shall be confidential and access [to these files] shall be limited to authorized personnel of the department except that personnel of other correctional or law enforcement agencies may have access" according to the express rules and regulations of the Department of Corrections. Although there are two clear exceptions for correctional or law enforcement agencies, the language of the statute specifically limits access to master record files to employees of the Department of Corrections. Thus, the legislature has expressly provided that correctional inmates not be allowed access to their files.

■ Berry argues that the files should be available to him pursuant to A.R.S. § 39–121 *et seq.* (Public Records Law). However, A.R.S. § 39–121 *et seq.* is a general statute; it does not apply to inmate master record files because the specific provisions of A.R.S. § 31–221 make these records confidential. The rule is that where two statutes conflict, the specific statute controls over the general statute. *Pima County v. Heinfeld,* 134 Ariz. 133, 654 P.2d 281 (1982); *State v. Davis,* 119 Ariz. 529, 582 P.2d 175 (1978); *Didlo v. Talley,* 21 Ariz.App. 446, 520 P.2d 540 (1974). Thus, A.R.S. § 31–221 controls inmate master record files.

■ Further, the Department of Corrections has historically interpreted A.R.S. § 31–221 *et seq.* as an express prohibition denying inmates access to their own master record files. Such historical statutory construction placed upon a statute by an executive body administering the law will not be disturbed unless it is clearly erroneous. *Morris v. Arizona Corporation Commission,* 24 Ariz.App. 454, 539 P.2d 928 (1975).

Berry also relies on the recent Arizona Supreme Court decision in *Carlson v. Pima County et al.,* 141 Ariz. 487, 687 P.2d 1242 (1984), to support his claim.

However, appellant's lengthy quote from *Carlson* fails to include footnote number 3 which specifically provides that access to certain records may also be limited by restrictions imposed by law on particular documents or files. *Id.* at 491, 687 P.2d at 1246. That is precisely the situation here. Thus, prison authorities, acting pursuant to A.R.S. § 31–221(D), lawfully denied Berry access to his master record file.

Additionally, Berry asserts that the State's denial of both his work furlough application and access to his master record file deprived him of his right to due process of law. We disagree.

 Before Berry is entitled to the protections of the due process clause, he must establish that he has a constitutionally protected liberty interest in Arizona's work furlough statutes. *See* A.R.S. §§ 41–1613 and 31–413. Although a state may choose to create such a liberty interest in its statutes or rules, it must utilize clear mandatory language in doing so. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Where statutes and regulations fail to place limitations on prison officials' discretionary acts, the state has not created such a liberty interest. The correctional official may accordingly act "for whatever reason or no reason at all." *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

The Arizona statutes governing the Department of Corrections work furlough program, A.R.S. §§ 41–1613 and 31–413, as well as the corresponding regulations adopted by the Director, A.C.R.R. R5–1–701, provide that the Director "may" authorize the release of an inmate on work furlough. The regulations further provide that final approval of a work furlough application is left to the discretion of the Director of the Department of Corrections. While these rules and regulations do set forth adversary procedures regarding work furlough applications, no substantive limitations on official discretion are provided. The work furlough statutes clearly do not limit the unfettered discretion of the correctional administrator, and therefore create no liberty interest.

We thus hold that because appellant has no constitutionally protected liberty interest in the work furlough program, he was not entitled to the protection of the due process clause. Accordingly, we affirm the judgment of the superior court dismissing appellant's complaint. We further hold that the State lawfully enforced the provisions of A.R.S. § 31–221 *et seq.* by denying Berry access to his correctional master record file.

Judgment affirmed.

CORCORAN, P.J., and FROEB, J., concur.