772 P.2d 1138

**PUEBLO DEL SOL WATER COMPANY, an Arizona corporation, Plaintiff/Appellant,**

v.

**ARIZONA CORPORATION COMMISSION, An agency of the State of Arizona, Defendant/Appellee.**

No. 2 CA–CV 88–0222.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 6, 1988.

Reconsideration Denied Jan. 25, 1989.

Review Denied May 23, 1989.

Molloy, Jones & Donahue, P.C. by Russell E. Jones, Tucson, for plaintiff/appellant.

Arizona Corp. Com'n by Christopher C. Kempley, Phoenix, for defendant/appellee.

OPINION

HOWARD, Judge.

This is an appeal from the trial court's granting of a summary judgment affirming a decision of the Arizona Corporation Commission (Commission).

In July 1986 two public service corporations, Pueblo Del Sol Water Company

(PDS) and Arizona Water Company (AWC), sought Commission approval pursuant to A.R.S. § 40–285 of their joint application to transfer substantially all assets of PDS, including the Certificate of Convenience and Necessity, to AWC. The joint applicants also sought Commission approval of the agreement they had made in which AWC would serve the certified area of PDS and charge the rates the Commission had previously approved for PDS. On December 31, 1986, the Commission approved the joint application subject to several conditions, only one of which is at issue here. The question presented is whether the Arizona Corporation Commission can impose interim rates subject to refund or other reconciliation in approving the transfer of assets and operating authority from one public service corporation to another.

A Certificate of Convenience and Necessity (CCN) granting operating authority to a corporation is initially issued by the Commission only upon a showing that its issuance would serve the public interest. *James P. Paul Water Co. v. Arizona Corporation Commission*, 137 Ariz. 426, 671 P.2d 404 (1983); *Pacific Greyhound Lines v. Sun Valley Bus Lines*, 70 Ariz. 65, 216 P.2d 404 (1950). It logically follows that prior to approving a transfer of assets and CCN, the Commission should examine all the evidence available to it to determine whether or not the transfer is detrimental to the public interest. See *James P. Paul Water Co. v. Arizona Corporation Commission*, supra, (stating that the public interest is the controlling factor concerning service of water by water companies; and *Smith & Smith, Inc. v. South Carolina Public Service Commission*, 271 S.C. 405, 247 S.E.2d 677 (1978) (noting that the transfer of a CCN is essentially a grant of an original certificate).

The Commission held two days of hearings and heard testimony from Bella Vista Water Company, Inc. (Bella Vista), which wanted PDS to sell to it instead of AWC, consumers and the Residential Utility Consumer Office, which represented the interest of the rate payers of PDS, AWC and Bella Vista. After considering the evidence, the Commission granted the application on the condition that PDS's rates, which were higher than those currently charged by AWC in its service area, would be used on an interim basis by AWC. Since the Commission was authorizing AWC to charge these higher rates, it also included the condition that these rates were subject to refund or other reconciliation. It does not appear that the Commission imposed these interim rates lightly. In its opinion the Commission noted that a delay before any rates were made final was appropriate because the effect of the Tax Reform Act of 1986 [1] was unknown, the Commission would have a year of the cost of combined AWC/PDS operations to study and there was not enough time on the hearing calendar for 1987 to adequately determine the new rates.

One question must be answered in determining whether the Commission can impose interim rates which may be subject to refund or other reconciliation in the transfer proceeding. Does the Commission have the power to do so under these circumstances?

The Arizona Constitution grants extremely broad powers to the Commission. Article 15, § 3 provides:

> The Corporation Commission shall have full power to, and shall, prescribe ... just and reasonable rates and charges to be made and collected by public service corporations within the state for service rendered therein,....

Our supreme court has noted that:

> Article XV of Arizona's Constitution is unique in that no other state has given its commission the extensive power and jurisdiction that the Arizona Corporation Commission possesses.

*Arizona Corp. Commission v. Superior Court in and for Maricopa County*, 107 Ariz. 24, 26, 480 P.2d 988, 990 (1971). Additionally, A.R.S. § 40–202 provides:

> The Commission may supervise and regulate every public service corporation in the state and do all things, whether spe-

1. Pub.L. No. 99–514, 100 Stat. 2216 (1986).

cifically designated in this title or in addition thereto, necessary and convenient in the exercise of such power and jurisdiction.

Indeed, the Commission's power to prescribe rates is exclusive and cannot be interfered with by the legislature, the courts or the executive branch of the state government. *Ethington v. Wright,* 66 Ariz. 382, 189 P.2d 209 (1948); *Morris v. Arizona Corporation Commission,* 24 Ariz.App. 454, 539 P.2d 928 (1975). It is clear the Commission has the power to determine rates that public utilities charge.

We now turn to whether interim rates were appropriate in this case. Interim rates are rates charged by the utility for services or products pending the establishment of a permanent rate, in emergency situations, or where a bond is posted that guarantees a refund to consumers for any excess paid by them prior to the Commission's final determination. *Scates v. Arizona Corp. Commission,* 118 Ariz. 531, 578 P.2d 612 (App.1978). Interim rates are not limited to emergency situations as appellant contends. In fact, when previous rates are confiscatory the courts are authorized to allow the utility to impose its own increased rates on an interim basis until the Commission imposes reasonable rates. *Arizona Corporation Commission v. Mountain States Tel. & Tel. Co.,* 71 Ariz. 404, 228 P.2d 749 (1951). Although there is no Arizona authority on the Commission's power to impose interim rates subject to a decrease, it is only logical that they can do so. *United Tel. Co. of Florida v. Mann,* 403 So.2d 962 (Fla.1981). Appellant would have the Commission's power limited to imposing interim rates that are only subject to increases. It appears that appellant wants to have its cake and eat it too. We cannot condone such a result.

Of the eight issues posed by appellant, only one remains that has not been resolved by the foregoing discussion. Appellant contends that once the Commission imposes rates, these rates are final, and any change constitutes retroactive rate making. This argument is without merit on these facts. Retroactive rate making occurs when the Commission requires refunds of charges fixed by a formal finding which has become final. *City of Los Angeles v. Public Utilities Commission,* 7 Cal.3d 331, 102 Cal.Rptr. 313, 497 P.2d 785 (1972); *Pacific Telephone and Tel. Co. v. Public Utilities Comm'n,* 62 Cal.2d 634, 44 Cal.Rptr. 1, 401 P.2d 353 (1965). Such is not the case here. The interim rates were imposed pending a formal hearing. Since there has not yet been a rate hearing regarding the new situation, there are no final rates and therefore no retroactive rate making could have possibly occurred.

AFFIRMED.

LIVERMORE, P.J., and HATHAWAY, J., concur.