988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ivan HERNANDEZ, Plaintiff-Appellant,
v.
James P. MCFADDEN, et al., Defendant-Appellee.
 No. 92-16172.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CV-91-00557-JMR, John M. Roll, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Ivan Hernandez appeals from the district court's dismissal of his pro se § 1983 action against several prison officials. Hernandez alleged that the defendants deprived him of protected property and liberty interests by misclassifying his custodial status and thereby denying him the opportunity to appear before the Arizona Board of Pardons and Paroles to be considered for work furlough and home arrest programs. The district court held that Hernandez' claim was not cognizable under § 1983 because he had no right to a particular classification under state or federal law or prison regulations.
 
 
 3
 We review de novo a dismissal for failure to state a claim. Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). A pro se complaint is held to less stringent standards than formal pleadings and "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotations omitted).
 
 
 4
 In order to state a claim under § 1983, a plaintiff must allege that (1) the conduct complained of was committed by a person acting under color of state law, and (2) the defendant's conduct deprived the plaintiff of a federally secured right. Paratt v. Taylor, 451 U.S. 527, 535 (1981). Hernandez alleges that the defendants violated his rights under the Due Process Clause of the Fourteenth Amendment.[1] The threshold question for due process analysis is whether a person has suffered government deprivation of his liberty or property. See Meachum v. Fano, 427 U.S. 215, 223-24 (1976); Board of Regents v. Roth, 408 U.S. 564, 571 (1972).
 
 
 5
 Protected liberty interests may arise either from either the Due Process Clause itself or from state law. Hewett v. Helms, 459 U.S. 460, 466 (1983). A state statute generally does not create a liberty interest unless it "establish[es] 'substantive predicates' to govern official decisionmaking" and "contain[s] 'explicitly mandatory language,' i.e., specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 462-63 (1989); see Mendoza v. Blodgett, 960 F.2d 1425, 1428-29 (9th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (1993). Published prison regulations that sufficiently limit the exercise of official discretion may also create a protected interest. Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 844 (9th Cir.1985). Mere guidelines used to structure the exercise of discretion in making release decisions do not create a protected interest, id.; rather, there must be "particularized standards or criteria [that] guide the State's decisionmakers" and "eliminate all discretion," Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987) (internal quotations omitted).
 
 
 6
 A state prisoner does not have a liberty interest in a classification status under the Fourteenth Amendment. Id.[2]; see Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) (Due Process Clause not implicated by federal prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"). Nor is such an interest created by Arizona law, which, although it places some limitations on the exercise of official discretion, does not impose particularized standards or criteria sufficient to eliminate all discretion. Hernandez argues that the prison regulations establish mandatory rating rules and create a liberty interest in a custody classification. A review of these regulations, however, indicates that the classification system involves numerous factors to be evaluated and weighed by prison officials, and does not impose the particularized standards or explicitly mandatory language necessary to invoke the Due Process Clause. Where such discretion is vested in the hands of officials, there can be no protected liberty interest.
 
 
 7
 Additionally, no state law or prison regulation gives Hernandez an unconditional right to appear before the Board of Pardons and Parole to be considered for conditional release. Because Hernandez has no right to be granted work furlough or home arrest, see Ariz.Rev.Stat.Ann. §§ 31-233, 31-236; Berry v. State, Dept. of Corrections, 699 P.2d 387, 389 (Ariz.App.1985) (Arizona work furlough statute does not create a protected liberty interest), there can be no protectable expectancy in consideration for these programs. See Slocum v. Georgia State Bd. of Pardons & Paroles, 678 F.2d 940, 942 (11th Cir.) ("Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness), cert. denied, 459 U.S. 1043 (1982); Staton v. Wainwright, 665 F.2d 686, 688 (5th Cir.) (because no liberty interest in parole was created by state statute, prisoner's due process rights were not violated when he did not receive an initial parole interview within the time required by law), cert. denied, 456 U.S. 909 (1982).
 
 
 8
 Similarly, Hernandez' claim that he has a protected property interest in eligibility for conditional release is unavailing. A property interest is not created by "a unilateral expectation" of a particular benefit, but only by "a legitimate claim of entitlement to it." Roth, 408 U.S. at 577. As discussed above, no state law or prison regulation "entitles" Hernandez to be considered for work furlough or home arrest.
 
 
 9
 Because Arizona prison officials are vested with considerable discretion in determining classification status and concomitant eligibility for work furlough and home arrest programs, we agree with the district court that the injuries Hernandez claims to suffer do not involve protected liberty or property interests. Consequently, the dismissal of his claim is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Hernandez' complaint also pleads discriminatory classification based on improper and arbitrary criteria in violation of the Equal Protection Clause, there is no indication that the classification system is discriminatory on its face or in its application
 
 
 [2]
 Hernandez v. Johnston expressly declined to decide whether a prisoner's classification would invoke due process protections if it "adversely affected his eligibility for parole or good time credits." 833 F.2d at 1318. Because we do not view conditional programs such as work furlough and home arrest as equivalent to parole, we regard Hernandez as controlling and do not find it necessary to consider the question left open there