**Henry N. FERGUSON, # 147710,
Petitioner,**

v.

**ALABAMA CRIMINAL JUSTICE
INFORMATION CENTER,
Respondent.**

Civil Action No. 97–A–415–N.

United States District Court,
M.D. Alabama,
Northern Division.

April 23, 1997.

Henry N. Ferguson, pro se.

## *ORDER*

ALBRITTON, District Judge.

This case is before the court on the Recommendation of the Magistrate Judge entered on April 7, 1997, and the objection filed by Petitioner on April 14, 1997.

■ The Petitioner is seeking a writ of mandamus to compel the Respondent, Alabama Criminal Justice Information Center, to provide the Petitioner with a full, complete copy of all Petitioner's criminal history in his State of Alabama identification records, free of charge. The Magistrate Judge found that the federal statute authorizing an action in the nature of mandamus, 28 U.S.C. § 1361, applies only to officers or employees of the United States or any agency thereof, and does not authorize a federal court to issue writs of mandamus to state agencies. The court agrees.

■ In his objection, the Petitioner contends that he is entitled to obtain his records

free of charge under federal statutes, the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. He argues that, because of that, a writ of mandamus could be issued in aid of this court's jurisdiction under the All Writs Statute, 28 U.S.C. § 1651. 5 U.S.C. §§ 552 and 552a, however, do not apply to state agencies. See 5 U.S.C. § 551(1) ("Agency means each authority of the government of the United States...."); *St. Michael's Convalescent Hospital v. State of Cal.*, 643 F.2d 1369 (9th Cir.1981) (§§ 552 and 552a are applicable only to agencies and under application definitions, "agency" did not encompass state agencies or bodies.); *Berry v. State Dept. of Corrections*, 145 Ariz. 12, 699 P.2d 387 (App. 1985) (Freedom of Information Act applies to agencies of federal government and was inapplicable to state prisoner's request of access to his master record file.); *Mamarella v. County of Westchester*, 898 F.Supp. 236 (S.D.N.Y.1995) (Inmate convicted of state crimes cannot rely on Freedom of Information Act to access state documents.); *Shields v. Shetler*, 682 F.Supp. 1172 (D.Colo.1988) (Privacy Act does not apply to state agencies or bodies.). Since these federal statutes do not apply to state agencies, the All Writs Act could not be used in aid of a federal court's jurisdiction. Therefore, the Petitioner's objection is without merit, and it is hereby overruled. The court adopts the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that the petition for writ of mandamus is DENIED, and this case is DISMISSED with prejudice. Costs are taxed against the Petitioner.[1]

---

**1.** The court notes from the file that the Petitioner has filed what he calls a "Special Notice to Use Petitioner's Correct Address During Any and All Correspondence," in which he states that he does not use a zip code, he specified how correspondence should be addressed to him without the use of a zip code, and states that any correspondence not addressed in the manner specifies will not be accepted and will "be counted as you never forwarded or sent such." A copy of this order and any other mailings from this court will be addressed to the Petitioner at his correct, lawful address, including the appropriate zip code, rather than in the manner which Petitioner attempts to dictate. If he refuses to accept any mailing from this court which is properly addressed, and the correspondence is returned to the court, the court will treat the correspondence as having been legally received by the Petitioner.