Markun v. Hillsborough, et al.        CV-97-208-M    09/17/99
UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Paul R. Markun,
     Plaintiff

     v.                                    Civil No. 97-208-M

Hillsborough County
Department of Corrections, et al.,
     Defendants

## O R D E R

Plaintiff's claims, as allowed by the Magistrate Judge and approved by the court consist of two basic causes of action: 1) a claim against Superintendent James O'Mara, Jr., in his individual capacity, brought pursuant to 42 U.S.C. § 1983, alleging deprivation of plaintiff's clearly established constitutional right not to be punitively transferred from the Hillsborough County House of Corrections in retaliation for his having exercised his legitimate constitutional right to file grievances and/or assert tort or other claims against the state agency, and 2) a claim against the Hillsborough County House of Corrections based upon that agency's alleged violation of the federal Privacy Act, 5 U.S.C. § 552a.

Defendants move for summary judgment and plaintiff moves for partial summary judgment.

Privacy Act Claims

Defendants are entitled to judgment as a matter of law on plaintiff's Privacy Act claims because the Privacy Act simply does not apply to state agencies, and it cannot be disputed that the Hillsborough County Department of Corrections is a state, not a federal, agency. See 5 U.S.C. §§ 551(1), 552(f), and 552a(a)(1); Ferguson v. Alabama Criminal Justice Information Center, 962 F.Supp. 1446 (M.D.Ala., 1997) (citing cases). Accordingly, summary judgment is granted in favor of defendants on plaintiff's Privacy Act claims.

Section 1983 Claim

This claim gives rise to some troubling concerns.

First, the Court of Appeals for this circuit has explained that while a prisoner can be transferred for no reason at all, and has no right to a hearing before being transferred, ". . . he may nevertheless establish a claim under § 1983 if the decision to transfer him was made by reason of his exercise of constitutionally protected First Amendment freedoms [citations omitted]." McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979).

> "While the discretion afforded prison administrators in transfer decisions is extremely broad, it 'does not swallow the inmate's fundamental right of access to the courts. Otherwise, prison administrators would be free to accomplish exactly what plaintiff alleges here, the transfer of successful, and

2

therefore, troublesome litigants for no reason other than their legal activities." [citation omitted] Since appellant does have a constitutional right to petition the courts, <u>Bounds v. Smith</u>, 430 U.S. 817, 821-22, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); <u>Furtado v. Bishop</u>, 604 F.2d 80 (1st Cir. 1979), and since he alleges that the transfer was ordered in retaliation for his exercise of that right, he properly stated a cause of action.

<u>Id.</u>

Here, plaintiff alleges that he was transferred by defendant because he exercised his First Amendment rights to file grievances, seek compensation from the Department of Corrections in a tort action for injuries suffered while held in defendant's custody, and because he voiced his intent to bring appropriate litigation to vindicate what he perceived to be his rights. So, he states a cause of action based upon an alleged retaliatory transfer.

Of course, plaintiff faces a heavy burden of proof. He must prove that the actual motivating factor for his transfer was retaliation for activity protected by the First Amendment. He will have to demonstrate that he "would not have been transferred 'but for' his exercise of protected speech or activity." <u>Id.</u>

Defendant (Superintendent O'Mara is the only remaining individual defendant)[1] moves for summary judgment based in

---

[1] Plaintiff's [Second] Amended Complaint (filed June 9, 1999; document no. 55) purports to add "Captain Cusson" and "Medical Records Staff Valley Street Jail" as defendants, but <u>no</u>

3

substantial part upon his affidavit.  Fairly read, that affidavit says O'Mara had nothing to do with plaintiff's transfer; that "[the] Department of Corrections had no control over or input into Paul Markun's classification upon transfer to the New Hampshire State Prison <u>and</u> <u>did</u> <u>not</u> <u>bring</u> <u>about</u> <u>his</u> <u>transfer</u> in order to retaliate against him for indicating his intention to file a personal injury action against the [Department];" and that to the best of his knowledge, "the transfer of Paul Markun from the Hillsborough County Department of Corrections to the New Hampshire State Prison on or about February 12, 1996, was promulgated (sic) on a request by the United States Marshal's Office, as is the customary procedure for transfer."  <u>Affidavit of James O'Mara</u>, Exhibit 3 to Defendant's Motion for Summary Judgment (document no. 30) (emphasis added).

Lest there by any mistake as to the point being made in the affidavit, O'Mara stresses in paragraph 7 that "[t]ypically, an official from the United States Marshal's Office will arrive at the facility, often with no warning, to pick up an inmate."  <u>Id.</u> And, that such official "has control over where inmates such as Paul Markun are detained and rarely offers any explanation for a transfer . . . ."  Finally, O'Mara says under oath, "In Mr.

---

motion for leave to file accompanied the complaint.  It is therefore stricken.

4

Markun's case, the Hillsborough County Department of Corrections has <u>no documents or other information in its possession which demonstrates the reason for his transfer by the United States Marshal's Office</u>." <u>Id.</u> (emphasis added).

The troubling thing about the affidavit is that it is obviously intended to give the impression that neither O'Mara nor the Department had anything to do with Markun's transfer – that the United States Marshal initiated and executed his transfer for reasons known only to the Marshal's office. But plaintiff has filed excerpts from sworn interrogatory answers by O'Mara and a Captain Cusson (O'Mara's Chief of Security) that seemingly directly contradict O'Mara's affidavit. (A sworn and complete copy of the interrogatory answers has been filed by defendants.)

The troubling interrogatories and answers read as follows (emphasis is the court's):

> **4. Why was it necessary to transfer the Plaintiff from the VSJ to the New Hampshire State Prison (hereinafter NHSP) on February 12, 1996;**
>
> **O'MARA and CUSSON:** It was not "necessary" to transfer the plaintiff from the Hillsborough County Department of Corrections to another facility. The transfer was requested pursuant to the intergovernmental service agreement which <u>vests the facility with the discretion to return federal inmates and detainees to the United States Marshal's Office upon request</u>. It was the decision of the United States Marshal's Office and not the Hillsborough County Department of Corrections to subsequently transfer the plaintiff to the New Hampshire State Prison.

5

5. **Please identify, with specific dates and details, any pertinent events leading up to the transfer of the Plaintiff from the VSJ to the NHSP on February 12, 1996;**

**O'MARA and CUSSON:** Objection. This interrogatory is so unduly vague and overbroad in that the plaintiff completely fails to define the term "pertinent events." Notwithstanding this objection, the plaintiff's transfer was requested because he had filed numerous grievances during the preceding weeks which became a source of continuing frustration for the administration at the facility. The purpose of such a transfer was to protect correctional officers in carrying out their daily tasks with an inmate who could try to manipulate the manner in which he is treated through the threat of filing additional grievances or litigation.

6. **Who requested that the Plaintiff be transferred from the VSJ to the NHSP on February 12, 1996;**

**CUSSON:** At my direction, Lieutenant Malone requested the plaintiff's transfer back to the United States Marshal's Office. It was the decision of the United States Marshal's Office and not the Hillsborough County Department of Corrections to subsequently transfer the plaintiff to the New Hampshire State Prison.

7. **Who authorised [sic] the transfer of the Plaintiff from the VSJ to the NHSP on February 12, 1996;**

**CUSSON:** I authorized the transfer request. As indicated in the response to Interrogatory #6, it was the decision of the United States Marshal's Office and not the Hillsborough County Department of Corrections to subsequently transfer the plaintiff to the New Hampshire State Prison.

Presumably, at some point, sooner rather than later, a full

explanation of the apparent contradictions, and what might

6

reasonably be construed as an effort to mislead, will be forthcoming.

In the meantime, it is clear that genuine disputes as to material facts exist precluding summary judgment, that is, facts related to O'Mara's intent and motivation in effecting plaintiff's transfer from the Hillsborough County House of Corrections. Given pro se plaintiff's proffer in opposition to summary judgment, it is not at all clear that a jury must necessarily find for defendant – indeed, if the alleged answers to interrogatories are what they purport to be, a verdict for plaintiff would seem reasonably plausible.

Defendant's motion for summary judgment on the § 1983 claim is denied.

Plaintiff's motion for partial summary judgment is also necessarily denied, but without prejudice, since it appears, for now, that disputes as to material facts related to O'Mara's motivation and intent exist (albeit created largely by O'Mara's own apparently contradictory statements).

Other possible issues related to the "acting under color of state law" element; whether a state agency "transfers" a prisoner when it declines to house him under a contract permitting his return to federal authorities, and the precise nature of the constitutionally protected activity at issue here; as well as

7

what the potential damages might be, lurk behind the scenes in the case, but have not been addressed.  The parties are urged to fully consider the relative risks posed to each side by such potential issues and to discuss an amicable settlement in good faith.


Conclusion

Defendant's Motion for Summary Judgment (document no. 30) is granted in part and denied in part.  Plaintiff's Motion for Partial Summary Judgment (document no. 52) is denied, without prejudice.


**SO ORDERED.**

_____<br>
Steven J. McAuliffe<br>
United States District Judge

September 17, 1999

cc:  Paul Markun<br>
    Carolyn M. Kirby, Esq.<br>
    Peter G. Beeson, Esq.

8