NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANDRE DENNISON, *Plaintiff/Appellant*,

*v.*

ARIZONA DEPARTMENT OF CORRECTIONS; DAWN NORTHUP,
*Defendants/Appellees*.

No. 1 CA-CV 15-0048
FILED 4-7-2016

Appeal from the Superior Court in Maricopa County
LC2013-000421-001
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

Andre Dennison, Eloy
*Appellant*

Arizona Attorney General's Office, Phoenix
By Karen J. Hartman-Tellez
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Randall M. Howe joined.

---

**T H U M M A**, Judge:

**¶1**         Plaintiff Andre Dennison appeals from the grant of summary judgment in favor of defendants Arizona Department of Corrections and the Department's general counsel[1] (collectively ADC) on Dennison's public records request. Because Dennison has shown no error, the judgment is affirmed.

### FACTS AND PROCEDURAL HISTORY

**¶2**         Dennison, a prison inmate, challenges ADC's denial of his request to inspect his ADC diet order forms. Dennison's request was not part of any ongoing litigation but, rather, a public records request pursuant to Ariz. Rev. Stat. (A.R.S.) section 39-121 (2016).[2] After exhausting his administrative remedies, Dennison filed a timely statutory special action in superior court, claiming ADC's denial violated Arizona's Public Records Laws. *See* A.R.S. §§ 31-221; 39-121. After discovery and motion practice, the superior court granted ADC's motion for summary judgment, noting A.R.S. § 31-221(E) restricted Dennison's access to his "own automated summary record file," which did not contain the records requested. From Dennison's timely appeal of that decision, this court has jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. § 12-2101(A)(1).

---

[1] Originally, Dawn Northup and currently Brad K. Keogh, who is automatically substituted as a party on appeal. *See* ARCAP 27(c)(2) (2016).

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

¶3 Dennison claims summary judgment was improper, alleging that he was entitled to all records in the possession of ADC relating to his inmate file, including ADC diet order forms. Summary judgment is appropriate "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). This court reviews the grant of summary judgment de novo, viewing the evidence and reasonable inferences in the light most favorable to Dennison. *See Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 12 (2003).

¶4 In general, "[p]ublic records and other matters in the custody of any officer shall be open to inspection by any person at all times during office hours." A.R.S. § 39-121. As applicable here, however, a prisoner "may view the prisoner's own automated summary record file," but otherwise "shall not have access to any prisoner records." A.R.S. § 31-221(D), (E). The documents contained in Dennison's "automated summary record file" do not include his ADC diet order forms. *See* A.R.S. § 31-221(G). And to the extent A.R.S. §§ 39-121 and 31-221 are in conflict, the "specific statute controls over the general." *Berry v. State Dep't of Corrections*, 145 Ariz. 12, 13 (App. 1985). Accordingly, Dennison's request was governed by A.R.S. § 31-221, meaning he was not entitled to his ADC diet order forms.

¶5 Dennison has not shown that A.R.S. § 31-221(C) compels a different result. Subsection C states in relevant part that, "[a]ll records of prisoner care and custody are subject to" A.R.S. § 39-121. That directive, however, does not address who can inspect such documents. Although in most instances documents may be inspected by "any person at all times during office hours," A.R.S. § 39-121, when a prisoner is seeking inspection, as noted above, the right is truncated by A.R.S. § 31-221(E).

¶6        Finally, to the extent Dennison has preserved a due process claim, he has failed to show any denial of due process. Dennison appears to claim the superior court denied him due process because "the unambiguous plain language on the face of the statutes contradicts the court's finding and showed no necessity for statutory/judicial interpretation." But as shown above, the plain language of A.R.S. § 31-221 -- the more specific statute that modifies the broad directive of A.R.S. § 39-121 -- is the basis upon which the superior court's finding rests. Dennison has shown no violation of his due process rights.

## CONCLUSION

¶7        The superior court's judgment is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama

4